# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

           Plaintiff,

    -vs-                         Case No.   11-CV-1131

DAVID A. CLARKE, JR., et al.,

           Defendants.

## DECISION AND ORDER

        The *pro se* plaintiff, Robert L. Tatum, is incarcerated at the Columbia Correctional Institution. He is proceeding *in forma pauperis* on a complaint under 42 U.S.C. § 1983 that his request for a religious diet was improperly denied, and that he suffered other related abuses, while he was confined at the Milwaukee County Jail during 2010 and 2011. The defendants filed an answer on June 29, 2012, and the plaintiff filed a motion for partial summary judgment on July 11, 2012. The defendants' response would have been due on or before August 10, 2012, but the defendants requested additional time to respond to that motion and were given an extension of time until November 12, 2012 to respond, which they have done. That motion will be ready for disposition after the plaintiff files his reply brief. The plaintiff has also filed several other motions which are addressed in this order, along with the defendants' motion for a protective order and to amend the scheduling order in this

case. In addition, the defendants filed a motion to compel discovery on November 21, 2012, to which the plaintiff has not yet had an opportunity to respond.

**Plaintiff's Motion to Strike (Docket No. 65)**

On July 20, 2012, the plaintiff filed a motion to strike the defendants' affirmative defenses on the grounds that they are conclusory and insufficient. The defendants responded on September 7, 2012, with their rationale for asserting the various defenses. The plaintiff has not replied. Motions to strike affirmative defenses "are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Willams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir 1991). The plaintiff has not met this standard, and his motion to strike the defendants' affirmative defenses will be denied.

**Plaintiff's Motion for a Temporary Restraining Order (Docket Nos. 70 and 77)**

On July 30, 2012, the plaintiff filed a motion requesting a temporary restraining order and preliminary injunction, stating that state prison officials interfered with his access to the courts by confiscating his legal materials. He also filed a motion to supplement on August 20, 2012, adding some additional details regarding the actions taken by state prison officials. The defendants responded on October 5, 2012, taking no position. The plaintiff has not replied, nor is it entirely clear what specific orders he would like this court to issue in response to his motion. This case involves alleged constitutional violations by various Milwaukee County employees while the plaintiff was confined at the Milwaukee County Jail.

2

He is now confined in Portage, Wisconsin at the Columbia Correctional Institution and it appears that he may desire some type of legal action be taken against employees of the Wisconsin Department of Corrections regarding their conduct at that institution. In order to do so, the plaintiff would need to file a separate lawsuit. The motion for a temporary restraining order and preliminary injunction in this case will be denied.

**Plaintiff's Motions to Compel (Docket Nos. 74, 84, and 111)**

The plaintiff has filed three motions to compel discovery. The first motion was filed on August 10, 2012, seeking medical records, recorded phone conversations, and video footage. The defendants responded on October 5, 2012, stating that the medical records could not be produced unless the plaintiff signed a medical authorization, that the recorded phone conversations were produced twice, and that the video footage did not exist because the footage is held for only two weeks before it is copied over. The plaintiff filed an additional motion to compel on October 3, 2012, focusing on his request for records concerning misconduct or excessive force claims, for disclosure of the names of other inmates housed on certain dates and in certain pods, and for disclosure of elevator blueprints. The defendants responded on October 8, 2012, stating that the request for records concerning misconduct or excessive force claims is overly broad and should be narrowed, that elevator blueprints pose a security risk, and that names of other inmates housed with the plaintiff could be produced (yet apparently have not been). The plaintiff replied on October 18, 2012, observing that the jail policy manual refers to maintaining camcorder footage in a video library and does not

3

refer to any destruction or taping over of the tapes.

Both of these motions to compel (Docket Nos. 74 and 84) will be granted in part. The defendants are directed to make a second, thorough search of all records for any video recordings that may exist, as the policy identified by the plaintiff suggests that camcorder footage should have been retained. The defendants shall file an affidavit no later than **December 21, 2012**, describing their efforts to locate any responsive video recordings, and will be precluded from introducing any such footage into evidence unless it is produced to the plaintiff by that date. In addition, there is no substantial justification for refusing to provide the names of inmates housed near the plaintiff during the events at issue in this case, and those names shall also be provided to the plaintiff on or before **December 21, 2012**. However, the requested date of birth and pending charges need not be provided at this point as the plaintiff does not establish why that information is required.

Limiting the disclosure of jail elevator blueprints for security purposes is reasonable, and the court will not order that they be disclosed at this time. Similarly, if the plaintiff wishes to obtain his medical records, he may be required to sign a medical release form. The plaintiff has not replied to the defendants' assertion that they have twice provided him with the phone recordings sought. If he has been unable to review those phone recordings, he should attempt to resolve that issue with the appropriate parties, but it should not be necessary to compel the defendants to provide recordings that have already been voluntarily produced. Finally, with regard to records concerning misconduct or excessive

4

force claims, the defendants have appropriately requested that the plaintiff specify the individuals whose records are sought, and that he reduce the number of years for which the records are sought.

The plaintiff filed a third motion to compel on November 1, 2012, seeking to extend the discovery deadline until April 30, 2012, because substantial additional discovery has not been produced. The defendants have not yet responded to this motion.

**Plaintiff's Motion to Appoint Experts (Docket No. 97)**

The plaintiff filed a motion to appoint experts on October 9, 2012. He seeks the appointment of a medical expert, a mental health expert, and a vocational expert to examine him and refute expert testimony that he anticipates will be introduced by defendants. The defendants responded on October 22, 2012, opposing the motion on the grounds that civil litigants have no constitutional or statutory rights to court appointed experts. The plaintiff replied on November 1, 2012, clarifying that he is asking the court to use its discretion under Fed. R. Evid. 706(b) to appoint experts and apportion their cost to the defendants. The plaintiff's request here is not unprecedented. *See Ledford v. Sullivan*, 105 F.3d 354, 361 (7th Cir. 1997) ("We caution against reading Rule 706(b) in such a narrow fashion that the rule would allow for court-appointed experts only when both sides are able to pay their respective shares. Read in such a restrictive way, Rule 706(b) would hinder a district court from appointing an expert witness whenever one of the parties is indigent, even when that expert's testimony would substantially aid the court."). However, there is no basis

5

at this point in the proceedings to determine that appointment of an expert witness, much less three of them, would substantially aid the court in adjudicating this matter and the motion will accordingly be denied.

### Plaintiff's Motion to Take Deposition (Docket No. 98)

The plaintiff filed a motion to depose more than ten defendants on October 9, 2012. The defendants responded on October 22, 2012, opposing the motion on the grounds that the plaintiff failed to identify the defendants he wishes to depose and because various discovery motions remained outstanding. The plaintiff replied on November 1, 2012, pointing out that he did identify the defendants he wished to depose in Docket No. 98-2, and that there is no reason the various discovery issues cannot be resolved simultaneously. This motion to take more than ten depositions will be denied without prejudice. The parties should confer and attempt to stipulate to any necessary depositions pursuant to Fed. R. Civ. P. 30(a)(1).

### Plaintiff's Motions for Sanctions (Docket Nos. 99 and 115)

The plaintiff has filed two motions for sanctions. The first motion was filed on October 15, 2012. The defendants responded on November 5, 2012, and the plaintiff replied on November 13, 2012. The second motion was filed on November 8, 2012. It appears that both the plaintiff and defendants have been less than fully cooperative in limiting their discovery requests to necessary items and in producing responsive records. No sanctions will be imposed at this time, and the overall discovery deadline will be extended until **January**

6

**21, 2013.** The parties are admonished to seek only necessary and relevant discovery items, to be cognizant of costs related to discovery, and to respond promptly to all proper discovery requests. Rather than bringing motions to compel, the parties should confer and resolve their discovery disputes without court assistance to the extent possible.

**Defendants' Motion for Protective Order and to Amend Schedule (Docket No. 93)**

On October 8, 2012, the defendants filed a motion for a protective order and to amend the scheduling order. The plaintiff responded on November 1, 2012. The defendants object to the plaintiff's position that the defendants should bear the financial costs of the depositions requested by the plaintiff, and also seek a protective order to prevent the defendants from having to travel to the Portage County, where the plaintiff is incarcerated, in order to be deposed. The defendants reasonably suggest that any necessary depositions be conducted by telephone, and request that the court strike the plaintiff's request to orally depose the defendants as improper. Having reviewed the plaintiff's request (Docket No. 94-1), the court concludes that it should be stricken for improperly purporting to shift the cost of recording the requested depositions, and for improperly attempting to require the defendants to travel far from their home county. The defendants also request additional time to respond to the plaintiff's motion for partial summary judgment and to file their own motion for summary judgment. Because the defendants previously obtained a substantial extension of time to respond to the plaintiff's motion (and filed their response in compliance with that extended deadline), that deadline will not be extended. However, the deadline for

7

filing additional dispositive motions will be extended until **February 21, 2013.**

**IT IS THEREFORE ORDERED** that the plaintiff's motion to strike the defendants' affirmative defenses (Docket No. 65) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for a temporary restraining order and preliminary injunction (Docket No. 70) is **DENIED**, although his motion to supplement that motion (Docket No. 77) is **GRANTED** insofar as the materials submitted for consideration have been reviewed.

**IT IS FURTHER ORDERED** that the plaintiff's motions to compel discovery (Docket No. 74 and 84) are **GRANTED IN PART AND DENIED IN PART**, as discussed herein. The defendants shall file an affidavit no later than **December 21, 2012**, describing their efforts to locate any responsive video recordings, and will be precluded from introducing any such footage into evidence unless it is produced to the plaintiff by that date. In addition, there is no substantial justification for refusing to provide the names of inmates housed near the plaintiff during the dates specified by the plaintiff, and those names shall also be provided to the plaintiff on or before **December 21, 2012**. However, the requested date of birth and pending charges need not be provided as the plaintiff does not establish why that information is required.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint experts (Docket No. 97) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to depose more than

ten defendants (Docket No. 98) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's motions for sanctions (Docket Nos. 99 and 115) are **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for a protective order and to amend the scheduling order (Docket No. 93) is **GRANTED in part**. The plaintiff's request to orally depose defendants at his prison, with the defendants to bear the cost of the depositions (Docket No. 94-1) is **STRICKEN** as improper and the defendants are relieved of complying with it. All parties shall complete the discovery process no later than **January 21, 2013**. Any additional dispositive motions, together with supporting materials, shall be filed no later than **February 21, 2013.**

Dated at Milwaukee, Wisconsin, this 26th day of November, 2012.

**SO ORDERED,**

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**