# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

          Plaintiff,

      -vs-                                      Case No.   11-CV-1131

DAVID A. CLARKE, JR., et al.,

          Defendants.

## DECISION AND ORDER

The *pro se* plaintiff, Robert L. Tatum, is incarcerated at the Columbia Correctional Institution. He is proceeding *in forma pauperis* on a complaint under 42 U.S.C. § 1983 that his request for a religious diet was improperly denied, and that he suffered other related abuses, while he was confined at the Milwaukee County Jail during 2010 and 2011. The plaintiff filed a motion for partial summary judgment, which has been fully briefed. The parties have also filed several other motions, which are addressed herein.

**Plaintiff's Motion for Partial Summary Judgment (Docket No. 53)**

In support of his motion for partial summary judgment, the plaintiff maintains that Milwaukee County Sheriff David Clarke violated his 14th Amendment Due Process rights as a pretrial detainee because he was disciplined and placed in solitary confinement without sufficient due process protections, pursuant to jail policies and procedures for which

Sheriff Clarke is responsible. It is true that "pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2001). However, "[d]isciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause," *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011).

Civil Local Rule (E.D. Wis.) 56(b)(1)(C) requires a movant to provide "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." The plaintiff's statement of proposed facts does not describe the conditions he experienced while awaiting his disciplinary hearings and how they differed from those he typically experienced at the Jail. Instead, the plaintiff's statement of nine proposed facts simply mentions "more harsh" conditions in a conclusory manner. (Doc. 54 at 7). These proposed facts are inadequate to justify judgment as a matter of law. The plaintiff has also provided a copy of the Pod 4D inmate rules (Doc. 54-3), some of which could be interpreted as punitive. For example, one rule states, "You will receive NUTRA LOAF and water for all meals while on Discipline / Pending Discipline and Maximum Custody Status." (Doc. 54-3). *See Prude v. Clarke*, 675 F.3d 732, 733 (7th Cir. 2012) ("Nutriloaf (also spelled 'nutraloaf') is a bad-tasting food given to prisoners as a form of punishment."). However, simply attaching a copy of inmate rules without presenting them as individual proposed facts which may be stipulated

2

to or disputed by the defendants, fails to meet the requirements for summary judgment Material facts regarding the conditions experienced by the plaintiff must be determined by a fact-finder in order to determine whether the plaintiff's due process rights were violated. Accordingly, the plaintiff's motion for partial summary judgment will be denied without prejudice.

**Plaintiff's Motions to Compel and to Amend/Correct (Docket Nos. 111, 126 and 137)**

On December 7, 2012, and December 28, 2012, the plaintiff filed motions to amend or correct an order issued by the court on November 26, 2012. The plaintiff does not present proper reasons to revisit the denial of elevator blueprints and other items, and this motion will be denied. The plaintiff also filed a motion to compel on November 11, 2012, asking the court to extend the time for discovery and expressing his concern that the defendants were tardy, or might be tardy, in providing him with responsive materials for certain discovery requests. The discovery deadline was extended by order on November 26, 2011, so this motion will be denied as moot.

**Defendants' Motions for a Protective Order (Docket Nos. 127 and 142)**

The parties have had great difficulty in agreeing upon who should be made available for deposition and when the depositions should be conducted. The defendants seek a protective order to prevent Sheriff Clarke from being deposed, on the grounds that he has never been involved with the daily management of the Jail. Because the plaintiff maintains that various jail policies are unlawful and that Sheriff Clarke in his individual and official

capacities is responsible for those policies, a broad protective order will not be issued to prevent Sheriff Clarke from being deposed. However, the discovery period is now closed. If it appears necessary to reopen discovery after additional dispositive motions are filed, the issue of whether it is necessary to depose Sheriff Clarke may be revisited, and the plaintiff should explain why the information obtained from the other defendants identified as having greater knowledge of jail policies is inadequate. Plaintiff should then confer with the defendants regarding this informational deficiency, before seeking to depose the Sheriff.

The defendants also maintain that after they reached an agreement with the plaintiff regarding the timing of various depositions, the plaintiff unilaterally demanded to switch those weekday dates to weekend dates. These types of discovery disputes should be resolved between the parties, and no protective order should be necessary. However, this motion for a protective order will be granted in part, to the limited degree of advising the plaintiff that, generally, he may not demand that depositions be conducted outside of regular business hours anyone represented by defense counsel on a weekend unless defense counsel agrees.

**Defendant's Motion for Leave to Serve Additional Interrogatories (Docket No. 139)**

The defendants seek leave to serve more than the ususal number of interrogatories in this case. The plaintiff chose to join a large number of claims and defendants in this action, and it appears that the additional interrogatories are reasonable under the circumstances. Accordingly, this motion will be granted, and the plaintiff will also

4

be directed that if he refuses to sign a waiver permitting the defendants to access relevant medical records, he will not be entitled to obtain any damages for injuries that he maintains he suffered.

**Plaintiff's Motions for an Order and to Quash (Docket Nos. 147 and 149)**

The plaintiff objects to the fact that defense counsel has produced defendants for depositions at a schedule other than that demanded by the plaintiff. As discussed above, the parties should work to find mutually agreeable times, and the plaintiff is not entitled to demand that depositions be conducted outside of regular business hours. Nor has the plaintiff made a showing that the defendants should be sanctioned for excessive objections and misconduct during the course of the depositions that were conducted. Accordingly the plaintiffs's motion for an order regarding depositions will be denied.

The plaintiff also seeks an order quashing the defendants' subpoena of his Jail records. In response, defendants acknowledge that insufficient time was provided, and they do not oppose the motion to quash. Accordingly, the motion to quash the subpoena is granted.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for partial summary judgment (Docket No. 53) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery and extend time for discovery (Docket No. 111) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the plaintiff's motions to amend/correct

a court order (Docket Nos. 126 and 137) are **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motions for a protective order (Docket Nos. 127 and 142) are **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for leave to serve additional interrogatories (Docket No. 139) is **GRANTED.** The plaintiff must also sign a medical release permitting the defendants to access relevant medical records, or he will not be entitled to obtain damages for injuries that he maintains he suffered.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a deposition order (Docket No. 147) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to quash the defendants' January 10, 2013 subpoena (Docket No. 149) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 20th day of February, 2013.

**SO ORDERED,**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**