# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

                Plaintiff,

       -vs-                                                           Case No.   11-CV-1131

DAVID A. CLARKE, JR., *et al.*,

                Defendants.

## ORDER

        The defendants have filed a motion to compel and the plaintiff has filed several motions. These motions will be addressed herein. The Court will decide the defendants' motion for summary judgment in a subsequent order.

### Defendants' Motion to Compel

        On November 21, 2012, the defendants filed a motion to compel discovery based on the plaintiff's alleged refusal to respond to Defendants' First Set of Combined Discovery Requests. The requests, consisting of forty-five interrogatories and two document production requests, were served on the plaintiff on September 24, 2012 (Docket No. 118). According to the defendants, the plaintiff's September 28, 2012, response was lacking in several respects.

        First, they contend that the plaintiff refuses to turn over the documents the defendants requested unless they first pay him $252.00 to copy the 840 pages of documents.

The defendants understandably objected to paying for all 840 pages because most of the documents were given to the plaintiff by the defendants. Such limitation is reasonable. In any event, in their reply brief (Docket No. 130), the defendants state that following a telephone conversation with the plaintiff, he agreed to limit his request. Thus, it appears that the parties have resolved this dispute.

Second, the defendants contend that the plaintiff refuses to respond to Interrogatory 6, which provides:

> Identify all individuals known to Plaintiff including their address and phone number with knowledge or information pertaining to the claims set forth against Defendants in this action, identifying or describing the subjects of the information possessed by each such individual pertaining to this action that you allege was inadequate or otherwise improper.

(Zillig Aff. ¶ 2, Ex. A at 3, Docket No. 119-2.) The plaintiff objected to the interrogatory as burdensome and over broad because discovery was not complete. However, the request is relevant and the plaintiff should have responded at the time it was made. The plaintiff has not set forth any reason as to why he should not provide this information to the defendants. However, discovery is now complete and the defendants have filed a motion for summary judgment, which is fully briefed. It is not clear that they still seek this information from the plaintiff, but they will be allowed additional time to advise the Court as to their position on this matter.

Third, the defendants contend that the plaintiff refused to respond to interrogatories 26-45. However, as noted by the plaintiff, a party may serve on any other

2

party no more then twenty-five written interrogatories. Fed. R. Civ. P. 33(a). For the purposes of computing the number of interrogatories served, parties represented by the same attorney or law firm are regarded as one party. Civil L. R. 33(a)(2) (E.D. Wis.). Here, all defendants are represented by the same attorney and thus count as the same party. More than twenty-five interrogatories may be served on a party only if that party agrees in writing or the Court so orders. Civil L. R. 33(a)(2)(B) (E.D. Wis.); *see also* Fed. R. Civ. P. 33(a)(1). The defendants did not seek leave of the court to serve more then twenty-five interrogatories on the plaintiff and, therefore, their motion to compel him to respond to Interrogatory Request Numbers 26-45 will be denied.

**Plaintiff's Motion to Strike**

On March 1, 2013, the plaintiff filed a motion to strike defendants' motion for summary judgment (Docket No. 171). He asserts that, (1) portions of the defendants' proposed findings of fact are irrelevant; (2) his inability to conduct discovery hinders his ability to respond to the defendants' summary judgment motion; and (3) he requires additional time to secure necessary supplies.

As an initial matter, the plaintiff addressed objections to the defendants' proposed findings of fact in his response to summary judgment and the Court will rule on those in a subsequent Order. With respect to discovery, the plaintiff asserts that he needs to conduct additional depositions before he can adequately respond to the motion. However, on February 20, 2013, the Court advised that discovery was closed and that if it appeared

3

necessary to reopen discovery after dispositive motions were filed, the issue of additional depositions could be revisited. The Court will address this issue, if necessary, when it rules on the defendants' motion for summary judgment. It is not a sufficient basis for striking the motion. Finally, the plaintiff's request for more time is moot.

## Plaintiff's Motion for Reconsideration

The plaintiff has filed a motion for reconsideration of the Court's order of February 20, 2013 (Docket No. 173). First, he asserts that the Court should not have denied his motion for partial summary judgment as to his Fourteenth Amendment claim that he was placed in solitary confinement without sufficient due process. Second, the plaintiff contends that the court erroneously denied his request for depositions.

> Federal Rule of Civil Procedure 54 states in relevant part:
>
> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A district court will grant a motion for reconsideration when: (1) the Court has patently misunderstood a party; (2) the Court has made a decision outside the adversarial issues presented to the Court by the parties; (3) the Court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the Court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the Court. *Bank of*

4

*Waunakee v. Rochester Cheese Sales Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Here, the Court denied the plaintiff's motion for partial summary judgment because his statement of proposed fact did not describe the conditions he experienced while awaiting his disciplinary hearing and how they differed from those he typically experienced at the Milwaukee County Jail. Thus, he did not demonstrate that he was entitled to judgment as a matter of law on the claim. *See* Civil L. R. 56(b)(1)(C) (E.D. Wis.). The plaintiff's motion for reconsideration does not address this ruling and does not otherwise demonstrate relief under Rule 54. Likewise, the Court denied the plaintiff's motion for a deposition order because the plaintiff did not make a showing that the defendants should be sanctioned for excessive objections and misconduct during the course of the depositions that were conducted. The plaintiff's motion attempts to revive previously rejected arguments, which is not a basis for relief under Rule 54.

### Plaintiff's Motion to Strike

On April 11, 2013, the plaintiff filed a motion to strike the defendants' summary judgment reply brief (Docket No. 188). He contends that the defendants improperly seek sanctions against him for failure to comply with procedural rules and that the defendants are improperly asserting defenses that should be stricken. The arguments in the defendants' reply brief are not improper. Also, the plaintiff has not set forth a sufficient basis for striking the brief.

**IT IS THEREFORE ORDERED** that the defendants' motion to compel

(Docket # 118) is **GRANTED IN PART AND DENIED IN PART**. The defendants may advise the Court by July 8, 2013, if they still seek a response to Interrogatory 6 from the plaintiff.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (Docket # 171) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket # 171) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (Docket #173) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (Docket #188) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2013.

**SO ORDERED,**

*Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**