UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

        Plaintiff,

-vs-                                        Case No.   11-CV-1131

DAVID A. CLARKE, KEVIN NYKLEWICZ,
CAPTAIN PETER JASKULSKI,
CAPTAIN MESLISSA ELLIOTT,
LT. ABIE DOUGLAS, LT. TRICIA CARLSON,
SGT. FATRENA HALE, SGT. SARAH WRONSKI,
SGT. THOMAS TRETTIN, SGT. THOMAS LIEBENTHAL,
SGT. GARY COLEMAN, SGT. BRET MYERS,
DETECTIVE TIMOTHY LORCH,
DETECTIVE MITCHELL GOTTSCHALK,
CO PATRICK DIGGINS-DAVIS,
CO DENNIS MCKNIGHT, CO JUSTIN GEORGESON,
CO CHARLES HOLT, CO EDWARD HORZEWSKI,
CO JAMES KOSCIELAK, CO CHERI SCHMITZ,
TINA WATTS, RN CHRIS LUBUS,
CO MATT LEETE, PSW KIRK LAUSTERER,
SGT. JOHN NOVOTNY, CO JOHN WOODS,
JANE LUNA, CO SEAN HENDERSON,
CO MICHAEL LEEMAN, CO DESHAWN MCKINLEY,
UNKNOWN, Sued as RN #2, #3, #5, #6, #7,
JOHN D. KRAKLOW, CALVIN SMITH,
and DECORIE SMITH,

        Defendants.

## DECISION AND ORDER

The plaintiff has filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) of this Court's September 5, 2013, Order granting in part and

denying in part the defendants' motion for summary judgment. In addition, the defendants have filed a motion for leave to file a successive motion for summary judgment. These motions will be addressed herein.

## Motion for Reconsideration

In support of his motion for reconsideration, the plaintiff contends that the Court erred in dismissing his access to the courts and retaliation claims at summary judgment. He also contends that the Court erred when it advised that the defendants should notify the Court whether they would seek leave to file a successive motion for summary judgment on the plaintiff's remaining claims. In response, the defendants contend that the plaintiff fails to demonstrate how the Court misunderstood his position and instead uses his motion for reconsideration as an opportunity to revisit his previous arguments. They further contend that the plaintiff's argument regarding a "re-try" of summary judgment is premature.

> The second sentence of Rule 54(b), states that:
>
> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the

2

law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

With regard to the plaintiff's access to the court claim, he contends that he proved that Jail staff incorrectly programmed his attorney's contact information into the phone system which prevented him from calling his attorney. He also contends that during the time that he was not represented by an attorney he missed an appeal deadline due to the virtually non-existent law library. The plaintiff further contends that while he was preparing to proceed pro se, Jail staff confiscated legal materials necessary for him to do so, namely, a book instructing how to proceed pro se. The Court considered these arguments in granting the defendants' motion for summary judgment on the access to courts claims. (Decision and Order, September 5, 2013, at 16-18.) Turning to the plaintiff's retaliation claim, he charges that he presented sufficient evidence to proceed on his retaliation claim. However, the Court considered his argument at summary judgment and determined that the claims were subject to dismissal. (*Id.* at 18-20.)

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270. Hence, the

3

plaintiff's motion will be denied as to his arguments for reinstatement of the access to the courts and retaliation claims.

Next, the plaintiff takes issue with the Court's request that the defendants inform the Court whether they would seek leave to file a renewed motion for summary judgment based on the remaining claims that survived summary judgment. He contends that the Court's decision to grant the defendants a "re-try" is erroneous because it gives the defendants "another kick at the can." However, this was not a decision granting such a motion but rather an advisement that the Court would consider such a motion. The defendants did subsequently file a motion for leave to file a successive motion for summary judgment and the Court addresses that motion herein. Hence, the plaintiff's motion for reconsideration in the instant motion will be denied.

Defendants' Motion for Leave to File a Successive Motion for Summary Judgment

On October 1, 2013, the defendants filed a motion for leave to file a successive motion for summary judgment. They contend that granting leave to file a successive summary judgment motion is at the discretion of the Court and is necessary to preserve judicial resources. The plaintiff opposes the motion, contending that he is entitled to summary judgment because the defendants failed to create a disputed fact and that the Court has no discretion to order a successive motion.

The Court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist.

4

*Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (citations omitted). A renewed or successive summary judgment motion is appropriate especially if one of the following grounds exists: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *Whitford*, 63 F.3d at 530 (quoting *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part, rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987)).

The Court granted the defendants' motion for summary judgment as to the plaintiff's access to the courts and retaliation claims, and denied summary judgment as to his remaining nine claims. The Court stated in relevant part:

> The defendants' proposed facts describe activities related to the plaintiff's criminal case, his movement within the Jail, one inmate complaint he filed, and the multiple Jail rules he was found to have violated. These facts permit the court to determine that the defendants are entitled to summary judgment on the plaintiff's access to the courts and retaliation claims as set forth above.
>
> However, the defendants' facts do not address the plaintiff's remaining claims. The defendants submit a 62-page brief in which they argue that they are entitled to summary judgment because the plaintiff cannot show his rights were violated. But that argument is premature because the defendants did not first meet their burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(a).
>
> The complaint is dense and sets forth eleven types of claims against more than thirty defendants. It is evident that the defendants put forth significant effort in ascertaining and setting forth the claims from the complaint. However, as indicated,

>   their arguments are not supported by facts. Accordingly, the court will deny summary judgment as to the plaintiff's remaining due process, excessive force, medical care, religion, and state law claims.
>
>   Under the circumstances, the defendants should advise the court within ten days of the date of this order whether they will seek leave to file a successive motion for summary judgment.

(Decision and Order, September 5, 2013, at 21.)

As an initial matter, the plaintiff's contention that the Court should have granted him summary judgment on the remaining claims for which it denied the defendants' summary judgment motion is misplaced because the plaintiff did not file a motion for summary judgment. Moreover, permitting a second summary judgment motion is essentially a decision concerning case management, and district court judges are in the best position to make such decisions. *Grayson v. O'Neill,* 308 F.3d 808, 817 (7th Cir. 2002); *see also Jackson v. Finnegan,* 101 F.3d 145, 152-53 (D.C.Cir. 1996) (court has broad discretion to grant or deny leave to supplement motion for summary judgment); *Prudhomme v. Tenneco Oil, Co.,* 955 F.2d 390, 392 (5th Cir. 1992) (court has broad discretion to grant out-of-time motions to file supplemental or amended pleadings). A decision to allow a second summary judgment motion rather than risk wasting judicial resources on a claim that should never have made it to trial suffices as a "good reason" under *Whitford v. Boglino*, 63 F.3d at 530. *Gordon v. Veneman*, 61 Fed. App'x 296, 298 (7th Cir. 2003). Based on the Court's discretion to permit successive motions for summary judgment, the defendants' motion will be granted.

6

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket #196) is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file a successive motion for summary judgment (Docket #197) is **granted**. The defendants may file a renewed dispositive motion on or before **January 13, 2014**.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2013.

**SO ORDERED,**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

7

Case 2:11-cv-01131-LA   Filed 12/11/13   Page 7 of 7   Document 204