**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

ROBERT L. TATUM,

    Plaintiff,

  -vs-            Case No. 11-CV-1131

DAVID A. CLARKE, JR., *et al.*,

    Defendants.

## DECISION AND ORDER

On September 23, 2014, the Court granted in part and denied in part the defendants' motion for summary judgment.[1] Tatum has filed a motion for reconsideration or clarification of the summary judgment motion along with a motion for Federal Rule of Civil Procedure 56(f)(1), 56(g) ruling. Tatum also requests that the Court reopen discovery and he renews his motion to appoint experts. These applications will be addressed herein. The Court will also address the issue of *pro bono* counsel for Tatum and future proceedings in this case.

The second sentence of Federal Rule of Civil Procedure 54(b) states that:

---

[1] Specifically, the Court granted summary judgment as to Tatum's substantive due process claims, procedural due process claims related to his January 27, 2010, March 18, 2011, April 25, 2011, and May 25, 2011, disciplinary hearings, and privacy claims. The Court denied the defendants' motion for summary judgment with respect to Tatum's medical care claims, religion claims, procedural due process claims related to the September 29, 2010, February 28, 2011, and March 29, 2011, disciplinary hearings, excessive force claims, assault and battery claims, and intentional and negligent infliction of emotional distress claims. (Decision and Order, September 23, 2014, ECF No. 240, at 35-36.)

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

Tatum contends that the Court overlooked and misapplied several points of law and fact in its September 23, 2014, Decision and Order. First, Tatum contends that the Court erroneously denied his motion for summary judgment, failed to state which facts were in dispute and precluded judgment in his favor, and ruled that he could not receive judgment because his summary judgment motion was untimely and because he failed to submit

2

proposed findings of fact in violation of the Local Rules. The Court denied Tatum's motion for summary judgment as follows:

> Tatum's contention that summary judgment should be granted in his favor is misplaced because his stated reason, a factual dispute, precludes summary judgment. Moreover, although Tatum's summary judgment response is titled "Pl. Response to Def. Successive Summary Judgment Motion, Motion to Strike & Motion for Summary Judgment," a summary judgment motion is not properly before the Court because Tatum did not submit proposed findings of fact in compliance with Civil Local Rule 56(b). Even if the filing were a proper motion for summary judgment, it is untimely filed and Tatum did not request an extension of time. Accordingly, the Court will not consider Tatum's summary judgment response as a motion for summary judgment.

(Decision and Order, September 23, 2014, ECF No. 240, at 26.)

Tatum's arguments that the Court erred in denying his motion for summary judgment are misplaced. As an initial matter, a court has discretion to enforce its local rules, even against a *pro se* litigant. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Moreover, Tatum's "motion for summary judgment" was not properly before the Court. *See National Exchange Bank and Trust v. Petro-Chemical Systems, Inc.*, 2013 WL 1858621, at *1 (E.D. Wis. May 1, 2013) (noting that a request for summary judgment in a response brief is not a substitute for a cross-motion for summary judgment); *Johnson v. Randle*, 2012 WL 1964996, at *17 (S.D. Ill. May 31, 2012) (noting that a party cannot be "both a movant and nonmovant for purposes of the same motion").

3

Second, Tatum contends that the Court did address the issue of whether Dr. Gable and Nyklewicz committed perjury by lying in their affidavits. The Court addressed Dr. Gable's and Nyklewicz's affidavits as follows:

> Dr. Gable's entire declaration refers to Tatum's medical records, but the medical records are not provided. Dr. Gable does not have personal knowledge of Tatum's medical care. Accordingly, the Court will not consider the defendants' proposed facts that rely on Dr. Gable's affidavit. *See also* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 803(6); 902(11). The defendants' motion for summary judgment as to Tatum's medical care and religion claims rely on Dr. Gable's affidavit. Because there are no admissible facts in support of the defendants' arguments for summary judgment as to those claims, Tatum's medical care and religion claims survive.
>
> Tatum contends that defendant Nyklewicz's affidavit should be stricken because it contains perjury and is unreliable. However, Tatum's disagreement with the affidavit does not render it void. Nyklewicz may testify to Jail records. These documents and Nyklewicz's affidavit are admissible. *See* Fed. R. Evid. 803(6); 902(11).

(Decision and Order, September 23, 2014, ECF No. 240, at 4.)

As indicated, the Court did not consider Dr. Gable's affidavit at summary judgment and it determined that Nyklewicz's affidavit was admissible. Tatum does not explain how the Court's rulings represent a "manifest error of law or fact." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269. Moreover, as noted by the defendants, Tatum will have the opportunity to challenge the admissibility of evidence and the credibility or qualifications of the defendants' witnesses at trial.

Third, Tatum contends that the Court's findings of fact are not in the light most

4

favorable to him, the non-movant. Tatum does not cite to the record, which is extensive. Moreover, when he does specify, Tatum mischaracterizes the Court's findings. For example, the Court did not find that Tatum was placed in the discipline pod on February 17, 2011, because he was a security threat; rather, the Court stated that per Nyklewicz's affidavit Tatum was "considered a security threat." (Decision and Order, September 23, 2014, ECF No. 240, at 16.) Tatum's disagreement with the Court's interpretation does not warrant reconsideration.

Fourth, Tatum contends that the Court erroneously dismissed his substantive due process, procedural due process, and state law privacy claims. He further requests that the Court permit him to amend the complaint to add a Fourth Amendment claim relative to his privacy claims. Tatum's arguments do not demonstrate that the Court erred in analyzing these claims. The Court has thoroughly considered the parties' arguments relative to the claims and Tatum has not shown that the Court made a manifest error of law or fact. Moreover, Tatum's request to amend the complaint at this stage of the proceedings would be prejudicial to the defendants and would unduly delay this case. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The request will be denied.

Fifth, Tatum contends that when the Court denied his motion for a hearing, contempt, and sanctions, it overlooked that fact that he claimed that evidence necessary to this case was improperly confiscated, hindering prosecution of the case via that critical evidence. Tatum requests a hearing on these critical issues. The Court denied Tatum's

motion, finding that it was not related to claims upon which he is proceeding in this case. (Decision and Order, September 23, 2014, ECF No. 240, at 36.) Although the majority of Tatum's original motion related to a habeas case that he filed in the Eastern District of Wisconsin,[2] he does state that prison officials confiscated several items critical to this case; namely, his Milwaukee County Jail Policy and Procedures manual, his Principles of Subject Control manual, and a logbook he maintained of the Milwaukee County Jail events. However, he does not describe what critical evidence these items would have supplied or how it may have affected the case. Tatum alleges that the items were confiscated on or after May 2013 and therefore it appears that he would have had the opportunity to submit the documents before that time. It is not clear if Tatum previously filed the documents he references, whether in support of his motion for partial summary judgment or in response to the defendants' first motion for summary judgment. In any event, Tatum has not shown that the Court erred in denying his motion.

Sixth, Tatum requests that the Court reopen discovery so that he may depose the defendants. Tatum has had ample time to conduct discovery. He conducted significant written discovery and he took depositions that ended when he terminated them. (ECF No. 243 at 5; ECF No. 244 at 8-9.) Tatum's request that he be permitted to depose the thirty-seven defendants in this case, "as it is necessary," does not warrant reopening discovery this stage of the proceedings. *See Winters v. Fru-Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007).

---

[2] *Tatum v. Meisner*, 13-CV-1348-RTR (E.D. Wis.) was dismissed on September 24, 2014, and is currently on appeal.

Seventh, Tatum renews his motion to appoint experts under Federal Rule of Evidence 706(b). According to Tatum, the defendants will seek to introduce expert medical testimony at trial and he needs an expert to rebut the testimony. A court may appoint an expert to help sort through conflicting evidence, *see* Fed. R. Evid. 706(a); *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997), but it need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson, *see ATA Airlines, Inc. v. Federal Express Corp.*, 665 F.3d 882, 889 (7th Cir. 2011); *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004); *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Tatum has not met the standard for appointment of an expert under Rule 706.

## Pro Bono Counsel

On September 30, 2014, the Court directed Tatum to advise whether he wanted the Court to attempt to recruit a *pro bono* attorney to represent him. In response, Tatum asserts that he would like the Court to seek counsel for him but that he,

> do[es] not want to give the indication or impression that I'm relinquishing control over the case and wish to maintain control of the case's direction even through such appointment of counsel at least until I develop a rapport with him or her sufficient to know their representation will be effective and that relinquishing such control is for the best interests of full vindication of my claims if giving full control to the pro bono attorney is required at all for his or her effective representation.

(ECF No. 242.) He further asserts that he wants "to make clear my intent to retain the option to proceed pro se if I feel it the best strategy or find another attorney if I feel they are a better fit and such attorney becomes available." (*Id.*) On December 17, 2014, Tatum filed a letter

7

stating that he would like to proceed to mediation and trial *pro se* if the Court is unable to recruit counsel for him.

The above-cited letters reveal that Tatum is confident in his abilities to litigate on his own, and provide a strong indication that he may not approve of a *pro bono* attorney the Court recruits for him. Although the Court usually attempts to recruit *pro bono* counsel when a case reaches this stage, Tatum is a highly skilled *pro se* litigant, indicates a preference to proceed *pro se* (unless the Court finds a suitable pro bono attorney), and appears competent to do so. Based on Tatum's communications to the Court regarding the recruitment of *pro bono* counsel, the Court will not attempt to recruit counsel for him at this time.

## Mediation

The parties should advise the Court within ten days of the date of this order whether they would like to try to settle this case. If both parties are interested, the Court will refer the case to a magistrate judge for mediation.

## **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration and other relief (Docket # 243) is **DENIED**.

**IT IS FURTHER ORDERED** that within ten days of the date of this order the parties shall inform the Court whether they would like to Court to refer the case to a magistrate judge for mediation.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2015.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**