# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

                Plaintiff,

        -vs-                                           Case No. 11-CV-1131

DAVID A. CLARKE, JR., et al.

                Defendants.

# DECISION AND ORDER

The plaintiff, Robert L. Tatum, has filed a motion for reconsideration of the Court's January 29, 2015, Order denying his motion for reconsideration and other relief from the Court's September 23, 2014, Order granting in part and denying in part the defendants' motion for summary judgment.

Tatum first contends that the Court misunderstood him because it did not consider his motion pursuant to Federal Rule of Civil Procedure 56(f) and grant him summary judgment as the nonmovant. *See* Fed. R. Civ. P. 56(f)(1). The Court is not obligated to grant a nonmovant summary judgment under Rule 56(f)(1). It did not do so in this case. Next, Tatum contends that the Court erred because it did not mention Rule 56(g) in its order. Rule 56(g) permits a court, if it does not grant all the relief requested by the motion for summary judgment, "to enter an order stating any material fact – including an

item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case." This rule is also permissive and the Court declined to enter such an order.

Tatum also disputes the Court's decision to not exclude defendant Nyklewicz's affidavit. However, the Court has already addressed this issue twice and it will not do so agian. Next, Tatum contends that the Court erred because it did not fully explain its reasoning when it denied his motion for reconsideration as to his dismissed substantive and procedural due process claims as well as his privacy claim. The Court will not revisit its finding on this issue. These claims were properly dismissed. Tatum also restates his reasoning for holding a hearing on his confiscated evidence/mail issue. However, the Court already addressed this issue.

Finally, with regard to further proceedings in this case, Tatum is willing to attempt to mediate but the defendants do not believe the case is suitable for mediation at this time. Given that recent development, this case is ready for trial. Under the circumstances, the Court finds that justice will be better served at trial if the plaintiff has an attorney. Therefore, the Court will attempt to recruit an attorney to represent him *pro bono*. The Court will advise the parties when it locates an attorney and then schedule future proceedings in the case.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (ECF No. 252) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will attempt to recruit a *pro bono* attorney to represent the plaintiff for trial.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2015.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**