# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

        Plaintiff,

-vs-                                                    Case No.   11-CV-1131

DAVID A. CLARKE, JR., et al.,

        Defendants.

## DECISION AND ORDER

This matter is before the Court on motions related to the plaintiff's proposed depositions of ten witnesses. The defendants have filed a motion asking for a protective order (1) preventing the plaintiff from deposing any individuals not identified in Attorney Schaalman's letter and (2) requiring the plaintiff to comply with the Federal Rules of Civil Procedure for the depositions authorized by the Court's April 14, 2015, Scheduling Order. The plaintiff also filed his own preemptive motion in opposition to the defendants' request for a protective order and asking the court for an injunction preventing the obstruction of these proceeds, namely his proposed depositions.

First, the Court reminds the plaintiff that discovery is limited to the depositions referenced in Attorney Schaalman's letter of April 9, 2015 (ECF No. 262). These individuals are Justin Georgeson, Calvin Smith, David Clarke, Kevin Nyklewicz, Melissa Elliot, Michael Leeman, Sean Henderson, Timothy Lorch, Mitchell Gottschalk, Kirk Lausterer, Thomas

Trettin, DeShawn McKinley, Abie Douglas, and Tina Watts. The plaintiff may not depose any other individuals.

Second, the plaintiff's has not properly noticed the depositions. The plaintiff argues in his motion that he mailed a letter to defendants' counsel ten days before the proposed deposition dates and maintains that ten days is sufficient time for notice of a deposition, but there are other problems with the plaintiff's attempt to schedule these depositions. A deposition is not merely a chance for the plaintiff to ask a defendant or prospective witness questions. A deposition must be under oath, before an officer authorized to administer oaths, and recorded.

Leaving aside defense counsel's representation that she did not receive the written notice, the plaintiff has not complied with other requirements of Federal Rules of Civil Procedure 28 and 30. He did not state in the notice the method for recording the testimony. *See* Fed. R. Civ. P. 30(b)(3). Nor does it appear that he has made any arrangements for the depositions to be recorded. "Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs." Fed. R. Civ. P. 30(b)(3)(A). Moreover, a deposition must be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination." Fed. R. Civ. P. 28(a)(1)(A).

With regard to the defendants' request for a telephonic conference, the Court does not consider a hearing necessary to resolve these issues.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for order (ECF No. 271) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for protective order regarding depositions (ECF No. 272) is **GRANTED in part and DENIED in part**. The defendants need not appear for depositions unless or until the plaintiff provides proper notice, including the method of recording and before whom the deposition will be taken. The plaintiff will be responsible for the costs of the depositions.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2015.

SO ORDERED,

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**