# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

      Plaintiff,

-vs-                                      Case No. 11-CV-1131

**DAVID A. CLARKE, JR., et al.,**

      Defendants.

## DECISION AND ORDER

<u>Plaintiff's Motion to Constructively Amend Complaint</u>

The plaintiff has filed a motion to constructively amend the pleadings, to correct mistakenly identified parties to this action, and to add a privacy claim (ECF No. 269). By this motion, the plaintiff also seeks to name as defendants several nurses and Calvin Smith. The defendants oppose the motion based on the plaintiff's undue delay in seeking leave to amend and the prejudice to the defendants should such leave be granted.

Leave to amend a pleading should be freely given "when justice so requires." See Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Id. at 182.

The Court will not permit the plaintiff to "constructively amend" the complaint to add new nurse defendants. This case is scheduled for trial, and allowing the amendment at this time would prejudice the defendants. Moreover, the plaintiff has not offered any reasonable explanation for his delay in seeking leave to amend, even assuming that he did not learn the identities of the nurses until the defendants filed their second motion for summary judgment. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *Carroll v. Stryker*, 658 F.3d 675, 684 (7th Cir. 2011). Calvin Smith is already is a defendant and, therefore, there is no need to amend the complaint. Lastly, the Court will not permit the plaintiff to add a privacy claim at this late stage. As indicated, this case is set for trial, and adding a claim at this stage would prejudice the defendants.

<u>Motion for Reconsideration</u>

The plaintiff has filed a "Motion to Reconsider 5-4-15 Order, Motion for Hearing, Motion for Recusal" (ECF No. 277). On May 4, 2015, the Court granted in part and denied in part the defendants' motion for protective order. The Court ordered that the defendants did not need to appear for depositions unless or until the plaintiff provided proper notice,

including the method of recording and before whom the deposition would be taken. The Court also ordered that the plaintiff would be responsible for the costs of the depositions. The Court's order reminded the plaintiff that discovery was limited to the depositions referenced in Attorney's Schaalman's letter of April 9, 2015,[1] and that the plaintiff could not depose any other individuals.

In his motion for reconsideration, the plaintiff asserts that the Court abused its discretion in limiting the reopening of discovery to the individuals listed in Attorney Schaalman's letter. The plaintiff asserts that he complied with Federal Rule of Civil Procedure 30 but the institution's confiscation of his legal materials prevented him from attaching a copy of the actual notice mailed to the defendants. He further asserts that the Court failed to take into account that institution staff obstructed his mail and confiscated his legal materials which "nearly prevent[ed] any motions or responses be filed [sic]." The plaintiff requests a hearing with regard to the alleged mail obstruction. Additionally, the plaintiff requests visual confirmation that Judge Randa is presiding in this case. He goes on to

---

[1] These individuals are Justin Georgeson, Calvin Smith, David Clarke, Kevin Nyklewicz, Melissa Elliot, Michael Leeman, Sean Henderson, Timothy Lorch, Mitchell Gottschalk, Kirk Lausterer, Thomas Trettin, DeShawn McKinley, Abie Douglas, and Tina Watts.

- 3 -

state:

> Finally, an affidavit pursuant to 28 U.S.C. : 144 has been timely filed and sufficiently alleges facts proving Randa's bias (whether he is presiding in actuality or not) based on the decisions in this case and the comments and actions at the scheduling conference. Under :144 Randa had no authority to proceed any further and make this 5-4-15 Order anyway – reasoning within itself to require reconsideration – as :144 states the case must be transferred upon the timely filing of pl.'s affidavit. (It's obvious what you are doing to illegally manipulate my case(s) and this little conspiracy ya'll have in place is over. Rest assured, I'm going to expose you, and since you want to play games with my life and circumstances, you already know what to expect when I do. You think you are doing what's right but you're dead wrong vigilantes, as vigilantes are CRIMINALS whether you believe so or not, and ya'll are facing a lot of Fed. Time for your crimes, which are steadily mounting with each act and decision in furtherance of this conspiracy. I have more than enough proof to not only prove the conspiracy exists but to prosecute beyond doubt, it's only a matter of time before I do.)

(ECF No. 277.)

At the April 13, 2015, telephone scheduling conference in this case, Attorney Schaalman agreed to represent the plaintiff only if the Court would permit limited discovery, specifically, the depositions of the individuals noted above. The Court agreed, despite the fact that discovery in this case has been closed since January 21, 2013. Then, the plaintiff stated he did not want Attorney Schaalman to represent him, but he still wanted to conduct the depositions the Court had just approved from

- 4 -

Attorney Schaalman's letter. The Court permitted this as well. The Court then appointed Attorney Scott Wales as the plaintiff's stand-by counsel and reopened discovery, limited to the depositions referenced in Attorney Schaalman's letter of April 9, 2015, to be completed no later than June 15, 2015.

The plaintiff's argument that the Court has abused its discretion by not permitting him to conduct additional discovery and by requiring him to comply with the Federal Rules of Civil Procedure is misplaced. Moreover, despite the plaintiff's assertions that his institution is allegedly obstructing his legal mail, he has continued to access the courts in this case, recently filed another case, and has filed a copy of his notice of deposition with the Court on May 7, 2015. Thus, it does not appear that any alleged mail obstruction has prejudiced the plaintiff. Lastly, the plaintiff has not shown that Judge Randa is personally biased or prejudiced against him. *See* 28 U.S.C. § 144; *see also Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004).

## Discovery-Related Motions

The plaintiff has filed a motion for leave to file and notice of Rule 30 depositions (ECF No. 276). By this motion, the plaintiff seeks leave to file his notice of depositions with the Court "to ensure def. Receipt and proof of

- 5 -

proper notice." This document has been filed. Thus, to the extent that the plaintiff requests that the Court file the document, his motion will be granted.

On May 5, 2015, the defendants filed their second motion for a protective order pursuant to Federal Rule of Civil Procedure 26 (ECF No. 278). On April 24, 2015, and May 4, 2015, the Court entered orders permitting the plaintiff to conduct limited discovery in the form of depositions of certain defendants identified in Attorney Michael Schaalman's correspondence to the Court. (ECF. Nos. 262, 267, 275.) The defendants contend that the plaintiff has again deviated from the list approved by the Court and failed to provide proper notice of depositions, thus forcing them to seek the Court's intervention for a second time.[2]

According to the defendants:

On Thursday, May 7, 2015, the Defendants received Tatum's purported Notice of Depositions. (*See* ECF No. 276.) Defense counsel's paralegal instantly contacted Tatum's prison—the Wisconsin Secure Program Facility ("WSPF") in Boscobel, Wisconsin—to arrange for a telephonic conference to discuss the deficiencies in his notice. (*See* Mackey Decl. ¶ 2.) The only available time to communicate with Tatum was Friday, May

---

[2] On May 4, 2015, the Court granted in part and denied in part the defendants' motion for protective order (ECF No. 275). As previously noted, the Court stated that the defendants did not need to appear for depositions unless or until the plaintiff provided proper notice, including the method of recording and before whom the deposition would be taken. The court also stated that the plaintiff would be responsible for the costs of the depositions.

- 6 -

> 8, 2015. (*See* Mackey Decl. ¶ 3.) On May 8, 2015, the WSPF contacted defense counsel's paralegal to inform her that Mr. Tatum was refusing to take defense counsel's telephone call. (*See* Mackey Decl. ¶ 5.)
>
> Tatum again failed to follow the Federal Rules of Civil Procedure, he is in violation of the April 14, 2015 Scheduling Order and the May 4, 2015 Decision and Order, and he refuses to even speak with defense counsel in an attempt to resolve disputes without the Court's intervention. (*See* Scheduling Order, ECF 267; Decision and Order, ECF 275 *cf.* Notice of Rule 30 Depositions, ECF No. 276; *see also* Mackey Decl. ¶ 5.) Tatum is wasting this Court's time and resources by his continued insistence on handling things unilaterally and his refusal to adhere to the Court's orders.

(ECF No. 278 at 2.)

The defendants contend that the plaintiff cannot depose any witness he wishes. They also contend that the plaintiff is in violation of Fed. R. Civ. P. 30 because reasonable notice was not provided, a proper officer was not identified, the defendants are not responsible for transcription, and that Linda Muhammad (the plaintiff's mother) should be excluded from the depositions. The defendants contend that they attempted to confer with the plaintiff in an attempt to resolve the dispute but that the plaintiff would not take a phone call.

In response, the plaintiff contends that the defendants' motion should be denied and that the Court should conduct a hearing on this issue (ECF No. 282). The plaintiff asserts that he should be able to depose

- 7 -

anyone he wants. He further asserts that his institution has been obstructing his mail which prevents him from noticing the defendants of the deposition. According to the plaintiff, he provided the defendants with proper and timely notice on this matter in both instances. He states that he did not ignore defendants' phone call. He was "under the weather" but stated that he would talk to them on another day. In addition, the plaintiff states that per an agreement with Attorney Zillig, she was going to provide the oath and she cannot back out of that agreement now. The plaintiff also states that they agreed that his mother, Linda Muhammad, would record the depositions.

In their letter reply to the plaintiff's response (ECF No. 284), the defendants assert that they never entered into a Rule 29 stipulation with the plaintiff, as evidenced by the absence of a signed copy, because requests were unreasonable. (See Pl.'s Ex. 2, ECF No. 282-1.)

The record reveals that the plaintiff has failed to comply with the Federal Rules of Civil Procedure to take the permitted depositions, despite two attempts. The plaintiff passed up the opportunity to have a pro bono attorney conduct the depositions. The deadline for the completion of the depositions was June 15, 2015. Accordingly, the defendants' motion for protective order will be granted.

On May 13, 2015, the plaintiff filed a motion for contempt proceedings against counsel for the defendants and staff at WSPF (ECF No. 283). The plaintiff asserts that he twice attempted to notice depositions but that WSPF staff obstructed his mail. He also asserts that counsel for the defendants have obstructed his attempts to conduct depositions. The defendants filed a letter response which states in relevant part:

> In Tatum's Motion for Contempt Proceedings, Tatum again mischaracterizes events. Tatum asserts that "Def. attorneys Molly Zillig and James Carroll lied to L. Muhammad stating they issued an order forbidding her recording the depositions." (Pl.'s Mot. for Contempt Proceedings at 1, May 13, 2015, ECF No. 283.) This did not happen. On May 5, 2015, I briefly spoke with Ms. Muhammad when she appeared, without an appointment, in the Office of Corporation Counsel. She asked about the status of the depositions. I informed her that I was unaware of the status, but that defense counsel would object to her presence at the depositions. I did inform her that the Court ordered Tatum to properly notice, record and swear the witnesses he wished to depose, but I did not mention anything regarding an order "forbidding her" from recording the depositions. Additionally, contrary to Tatum's assertions, Molly Zillig was not present for this brief discussion. Tatum's implication that defense counsel "sought to obstruct the ct.'s orders" is insulting and a misrepresentation to this Court. Defense counsel has done everything in its power to work with Tatum to timely complete his depositions. We have offered dates when the deponents are available and have agreed to use of our office as the location for the local depositions. Our refusal to arrange and pay for a court reporter and transcriptions, and our objections to Tatum's mother's attendance at the depositions are entirely proper and hardly

- 9 -

warrant a contempt finding.

(ECF No. 284 at 1-2.)

The Court has granted the defendants' motion for a protective order with regard to the depositions. The record does not support a finding that the defendants should be held in contempt. Accordingly, his motion will be denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to constructively amend the pleadings and to correct mistakenly identified parties (ECF No. 269) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file and notice of Fed. R. Civ. P. 30 depositions (ECF No. 276) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (ECF No. 277) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for hearing on mail obstruction and confiscation of legal materials (ECF No. 277) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for recusal and transfer of case to another district judge (ECF No. 277) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' second motion for protective order regarding depositions (ECF No. 278) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for hearing (ECF No. 282) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for in camera review (ECF No. 282) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for the court to initiate contempt proceedings (ECF No. 283) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2015.

                                      **BY THE COURT:**

                                      _____
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**