# United States District Court for the Eastern District of WI

Robert Tatum, Plaintiff,

-v-    Case no: 11-CV-1131

David Clarke Jr, et.al., Defendants.

- Rule 37(c)(1) Motion to Exclude Late Expert Disclosure + Unreliable Expert Testimony, or Alternatively -
- Motions to Limit Expert Testimony, for Scheduling Conference to Reschedule Trial to Allow Deposing Expert, -
- to Renew Doc#97 Motion for FRE 706(b) Appointment of Experts for Pl. to Rebut Def. Expert Testimony.-

NOW COMES Pl., pursuant to Rules 7, 37(c)(1), F.R.Civ.P. for Order either excluding the late + unreliable expert disclosure + opinions of Chad Zawitz, or, limiting his testimony to matters of his own expertise AND setting a Scheduling Conference to re-set the trial etc. dates to allow deposing Zawitz AND appointing pl. experts under FRE 706(b) to rebut def. Zawitz expert testimony if allowed, upon this motion showing cause.

I.

Rule 37(c)(1), F.R.Civ.P. states "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply ev. on a motion, at a hearing, or at trial, unless the failure was [a] substantially justified, or [b] is harmless." Rule 26(a)(2)(D), F.R.Civ.P. states "A party must [disclose experts] at the times + in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial." The ct. in this case has not made any Order as to timing for expert discl. under F.R.Civ.P. 26(a)(2), only a pretrial discl. Order under 26(a)(3),[FN1] therefore the 90 day rule for expert discl. applies. Def. in this case have missed this deadline by their dilatory wait until the 11th hour to disclose Chad Zawitz' report as required under 26(a)(2)(B), see Pl. Affidavit:1, Exhibit#1-Zawitz' Report, calculating the deadline under F.R.Civ.P. 6(a)(1),[FN2] + the late disclosure is neither harmless or substantially justified:

It is not harmless in that taking Zawitz' deposition will be complicated due to both his residing outside of WI + scheduling conflicts posed by pl. incarc. at WSPF (which has been subject of prev. motions, see Doc#282, 283, 276, also Aff. 4-6), and will, if his testimony is allowed, necessitate lengthy delay + rescheduling of trial, unfavorable to pl. + to the ct. in already taking time + jud. resource to set a schedule. It is also not subst. justified in that 1. def. have had YEARS to find experts etc. + even 3 months after the 4-13 Order to find + discl. experts, yet only did so at the 11th hour in dilatory fashion; and 2. the testimony is cumulative, in that def. already have a LOCAL expert, head of MCJ med. dept. Thomas Gable, already testifying to this same information (compare Doc#221-Gable Aff. to Aff. Ex.1-Zawitz Report). Cumulative testimony is to be excluded under FRE 403, + its exclusion will not be unfairly prejudicial to def., and, as will be argued below, Zawitz' analysis + opinions fail under Daubert standards + subst. risks misleading the jury anyway, further supporting this ct. barring Zawitz on top of the late disclosure.

①

II.

In *Daubert v. Merrell Dow Phar.*, 509 US 579(1993), the U.S. Sup. Ct. charged trial judges with the responsibility of acting as "gatekeepers" to exclude unreliable expert testimony, and in *Kumho Tire v. Carmichael*, 119 S.Ct. 1167, 1178 (1999) clarified this "gatekeeper" function applies to all so-called expert testimony, not just that based in science. The factors relevant to be considered in determining if expert opinions are sufficiently reliable to be presented to the trier-of-fact jury under *Daubert* are: 1. Whether the expert is "proposing to testify about matters growing naturally + directly out of research they have conducted indep. of the litigation or whether they have developed their opinions expressedly for the purpose of testifying"; 2. Whether the expert has unjustifiably extrapolated from an excepted premise to an unfounded conclusion, leaving "too great an analytical gap between the data + the opinion proffered"; 3. Whether the expert has adequately accounted for obvious alternative explanations; 4. Whether the expert is "being as careful as he would be in his regular professional work outside his paid litigation consulting"; 5. Whether the field of expertise is known to reach reliable results for the type of opinion the expert would give. see *Daubert v. Merrell Dow Phar.*, 43 F3d 1311, 17 (9th Cir. 1995), *Gen. Elec. Co. v. Joiner*, 522 US 136, 46 (1997), *Claar v. Burlington NRR*, 29 F3d 499 (9th Cir. 1994), *Kumho*, at 1175-6.

In this case def. would have Zawitz render opinions on all matters from Religion to Emotional Distress to Excessive Force, all outside of his field of expertise (Aff. Ex.1 pg.1, 5, + gen.), + Zawitz is willing to do so + compromise his integrity in order to collect the exorbitant expert fees def. are paying + willing to pay for his testimony. (Aff. Ex.1, pg.3) That Zawitz is willing to compromise his own professional integrity + that of the ct. by rendering 1. wild opinions on subjects outside of his expertise and 2. unjustified + unreliable opinions even within his expertise to collect exorbitant fees, proves violative of the *Daubert* factors above + that Zawitz is too unreliable in giving opinions to be offered as an expert to a jury-- The danger of Zawitz misleading the jury in his quest for exorbitant fees is too high + far outweighs probative value for his cumulative testimony to be allowed under F.R.E. 403, 702, + *Daubert* "gatekeeper" functions.

P#1. Zawitz' Opinions Outside of Expertise Prove Violative of *Daubert* Factors 1-5.

Zawitz, as an HIV + Infectious Disease Specialist (Aff. Ex.1, pg.1) seeks to render opinions on pl. religious affiliation + diet, psychological + general (NOT only HIV/STD) med. care, emo. distress suffered, and excessive force suffered + its related injuries, outside of his HIV/Inf. Dis. Spe. background (Aff. Ex.1, pg.5) -- 1st, that Zawitz would even render several opinions on subjects outside of his expertise shows he lacks the required "expert" integrity, proving unreliability for exclusion under F.R.E. 403, as no expert interested in reliable results would even offer a so-called expert opinion on a subject or field in which he is not expert in, but also under F.R.E. 702 + *Daubert* factors his testimony/opinion is proven unreliable +for exclusion: (A) Zawitz has clearly "developed his ~~opinions~~ opinions strictly for the purposes of testifying" + his expertise is not "known to reach reliable results for the type of opinions [Zawitz] would give" warranting exclusion under factors 1+5, shown by Zawitz as an HIV/STD inf. spe. offering opinions on rel. affiliation + diet, psych. + gen. med. care, excessive force + its injury, which is not known to reach reliable results + opinions on these subjects outside of HIV/inf. spe. field. (B) Zawitz' opinions on these subjects leave "too great an analytical gap between the data + the opinion proffered", have not "adequately accounted for alternative explanations", + Zawitz is not (hopefully) "being as careful as he would be in his professional work outside of paid consulting", warranting exclusion under factors 2-4-- For instance, re: diet + rel. affil. Zawitz opines that pl. should have eaten foods violative of his beliefs because of Islamic law that allows vio. of rel. when there is no other choice (Aff. Ex.1, pg.9), + jail logs show pl. was receiving meals because refusals were only documented for a few meals (pg. 10, 18 Aff. Ex. 1) so def. weren't deliberately indiff.; But those same jail logs show staff stating pl. was not eating all nutra-loaf meals (see

②

Doc#177) & Dr. Benson's 10-26-10 report states this same thing (Aff. Ex. 3, pg. 2 "Assess"), plus a weight of pl. by Franco-Sanchez on 10-12-10 shows pl. wt. plummeted to 125lbs (according to pl. med. records Zawitz reviewed, see pg. 4, C.+1), proof pl. was not eating + staff were ignoring pl.'s condition + not documenting meals missed -- "Deliberate indiff.", as 125lbs is "medically underwt" to the point of requiring a ct. order for pl. to force-feed/hydrate. (see Pl. Aff.:1, Ex. 2-4) Zawitz' opinion doesn't adequately account for "the obvious alternative explanation" that def. WERE likely deliberately indiff. + pl. was not eating and def. were just not documenting it + ignoring pl. serious med. condition, proving unreliability. Also, that pl. "could simply vio. his beliefs" is not a viable defense to 1st Am. + RLUIPA claims.[FN3]

Pt. 2. Zawitz' Opinions On STD Infection Too Unreliable Under Daubert Factors 1,3,4, FRE 403.

Related to Chlamydia infection, Zawitz opines that urine carrying the STD bacteria cannot infect via skin contact (pg. 20-22, Aff. Ex. 1) This opinion is proven unreliable warranting its exclusion under FRE 403, 702 + Daubert, however, by (A) it's failure to account for how + why Chlamydia behaves differently from every other infectious bacteria, in that it's common knowledge that live bacteria can infect a human host via skin contact, (B) it's unexplained contradiction to CDC information cited by pl. (Doc#231) proving STD infections (incl. Chlamydia) can occur thru non-sexual contact (which would be the direct skin contact Zawitz says is impossible), (C) it's unexplained contradiction to itself, in stating that Chlamydia may be transmitted via ORAL contact (pg. 20, Aff. Ex. 1), which is viably no different than skin ingestion via pores, AND in stating it can be spread to babies during child birth (pg. 20, Aff. Ex. 1) which is direct skin contact with the bacteria. Additionally, Zawitz' opinion that pl. was "likely infected prior to being in MCJ" (pg. 22, Aff. Ex. 1) doesn't properly account for the fact pl. was screened + determined not to have any STD infections (w/ Chlamydia being a specific option on the list) according to his MCJ med. intake. (Doc#177)

Zawitz is clearly SEEKING to mislead the jury in this opinion, developed specifically for that purpose in testifying to obtain his exorbitant fees, and is not adequately accounting for "alternative explanation" or "being as careful as he would be outside of paid consultation", as a careful + thorough expert's report would account for why it contradicts the CDC AND the normal behavior of bacterial infections -- In fact (+ with gusto), his dubious opinion rendered in his own expertise IS ONLY 2 PAGES (of 38) + lacking this critical detail/information, wherein he opines about matters outside his specialty for 35 pages; The facts in totality prove Zawitz is not of the proper caliber of reliability under Daubert + FRE 403, 702-3, for this ct. to allow him to offer opinions to the fact-finder, a jury in this case, as "any step that renders the analysis unreliable renders the expert's testimony inadmissible." In re: Paoli RR Yard PCB Lit., 35 F3d 717, 45 (3rd Cir. 1994) + pl. therefore asks that Zawitz be excluded as expert heretofore.

III.

In the alt. (but only) if this ct. allows Zawitz' opinion(s), pl. request immediate scheduling conference so that trial may be rescheduled to March 2016 to allow pl. to prepare for + depose Zawitz under F.R.Civ.P. 26(b)(4);[FN4] + for an Order barring disclosure of any new experts except for rebuttal ev. against already disc. experts: Pl. will likely need 30 days research + preparation to depose Zawitz in add. to 10 days for proper notice (Aff.:5); And because Zawitz is out of town + scheduling conflicts w/ WSPF exist, this will be a complicated ordeal + likely

take months to accomplish calculating for both pl. + def. to question Zawitz under oath (Aff:4-5); Also pl. already has a trial in another civil case set for February 2016 (Aff:6, Ex.5), so trial will need to be after that to avoid conflict, leaving March or beyond. Pl. also seeks renewal of Doc# 97 Motion to Appoint Experts + to Apportion Under FRE 706(b) to allow pl. to rebut Zawitz fairly + avoid "one-sided presentation of evidence" in the form of opinions to the jury. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Pl. indigency + def. 11th hour discl. of dubious expert opinion is all cause for employ of FRE 706(b).

Conclusion

A perfect phrase to encapsulate def. discl. of Zawitz as expert exists in the public flora, and it's "A Day Late + A Dollar Short" -- Def. discl. Zawitz' report a day after the deadline (or longer), + are paying him an exorbitant fee of $4000 a day to support + promote dubious theories + opinions to the jury which fail under Daubert + FRE 403, 702-3 standards + is cumulative under FRE 403 on top of this AND will necessitate excessive delay + prejudice to pl. and in a manner this ct. if allowed; AS SUCH, pl. requests Order denying Zawitz as expert in this case. In the alt., if the ct. allows Zawitz' opinion(s), pl. requests an immediate scheduling conference to reschedule trial to allow deposing of Zawitz, an Order disallowing further expert disclosures except as rebuttal to already disclosed experts, and renewal of Doc# 97 (appointment of experts for pl. to fairly rebut Zawitz' opinion(s) under FRE 706(b), as urged herein.

Dated this 8th day of August, 2015.      Signed: /s/
                                         Robert Tatum, Plaintiff-Prose
                                         WSPF, PO Box 9900
                                         Boscobel WI 53805-9900

---

[FN1] See 26(a)(3)(A), F.R.Civ.P. "Pretrial Discl. In General: In addition to discl. required by Rule 26(a)(1) + (2), a party must provide [Doc#267 info.]

[FN2] See 6(a)(1), F.R.Civ.P. "When the period is stated in days or larger unit of time: (A) exclude the day of the event that triggers the period; (B) count every day...; (C) include the last day of the time period..." By this rule, def. disclosed Zawitz' report 89 days from trial counting from 8-4-15 + 71 days from "the date for the case to be ready for trial," 10-16-15; 8-2 to 11-2 is 92 days w/ 31 days in Aug. + Oct., from 8-4 is 90 days, EXCLUDING 8-4 is 89 days.

[FN3] It should be noted that pl., on belief due to def. collusion w/ WSPF, was not allowed to take ANY of the depositions this ct. granted leave on 4-13-15; See Pl. Aff: 4-5. This favors that if the ct. should allow Zawitz as expert necessitating his deposition, pl. asks that the ct. allow opportunity to take these depositions as well, + limited re-open of discovery to obtain evidence (prev. reports, etc.) that becomes relevant to /by Zawitz' deposing. Pl. also asks the ct. to specifically address WSPF's facilitation of depositions + that I pl-prose can schedule them to quell any confusion.

[FN4] This defense is further proof that def. are simply going to waste this ct.'s time in going to trial knowing they do not have any viable defense to claims; And it supports pl.(+ the 7th Circuit in Hotel '71) premise that he is entitled to summary judgment on the undisputed facts on def. unsupported sum. judg. motion, + the ct. should press def. for EVIDENCE which prove disputed facts on remaining claims or simply grant pl. judgment as non-movant on def. 2x failure to create a disputed fact on sum. judgment. See Kasalo v. Trident As., 53 F.Supp.3d 1072, *29 n.5 (ND ILL 2014), Kealey Ph. v. Walgreens, 539 F. Supp 1357, 70 (WD WI 1982), Hotel 71 Mezz Lender v. Nat'l Ret. Fund, 778 F.3d 593, 02-3 (7th Cir. 2015).