# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

    Plaintiff,

-vs-                        Case No. 11-CV-1131

**DAVID A. CLARKE JR., et al.,**

    Defendants.

## DECISION AND ORDER

The plaintiff has filed a motion for reconsideration (Docket No. 289) of the Court's September 23, 2014, order in light of the United States Supreme Court's decision in *Kinglsey v. Hendrickson*, 135 S. Ct. 2466 (2015). He requests that the Court grant summary judgment in his favor on his excessive force claim based on *Kingsley*.

In *Kingsley*, the Supreme Court clarified the excessive force standard applicable to pretrial detainees. The Court held that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable in order to demonstrate that it was excessive in violation of the Fourteenth Amendment's Due Process Clause. *Id.* at 2472-73.

The Court's September 23, 2014, order denied the defendants' motion for summary judgment as to the plaintiff's excessive force claims. Those claims are going to trial. The defendants contend that any force used against

the plaintiff was necessary to maintain order in the Jail, while the plaintiff contends that the defendants used impermissible excessive force against him. The *Kingsley* decision will be relevant at trial, but it does not change the outcome of the Court's September 23, 2014, summary judgment order regarding the plaintiff's excessive force claims. The plaintiff's citation to *Hotel 71 Mezz Lender, LLC v. National Retirement Fund*, 778 F.3d 593 (7th Cir. 2015), does not support his contention that he is now entitled to summary judgment on his excessive force claim. Accordingly, the Court will deny his motion for reconsideration.

Next, the plaintiff has filed a motion for contempt proceedings and alternatively a motion for use of the Court's inherent powers to sanction to prevent non-party interference with the filing of his documents (Docket No. 290). The plaintiff asserts that prison staff are acting as "agents" of the defendants to obstruct his filing of documents in this case. He cites to his motion for reconsideration, which he submitted to prison staff for filing on June 25, 2015, but which was not filed until June 30, 2015. The defendants contend that they do not have knowledge of obstruction of the plaintiff's filings and that they have not communicated with prison staff regarding the logistics of his filings. The plaintiff has not demonstrated that the defendants or prison staff should be sanctioned. Therefore, the Court will deny his motion.

Lastly, the plaintiff has filed a motion to exclude the defendants' expert

witness and/or limit his trial testimony, reschedule the November 2, 2015, trial date, and appoint him an expert at the defendants' expense (Docket No. 297). The defendants oppose these applications.

First, the plaintiff contends that the defendants untimely disclosed their expert witness and that the Court should exclude his testimony pursuant to Federal Rule of Civil Procedure 37(c)(1). The defendants insist that they timely disclosed the identity of their expert within 90 days of trial, *see* Fed. R. Civ. P. 26(a)(2)(D), while the plaintiff argues that they submitted the report one day late, within 89 days of trial. Here, the record reveals that the defendants mailed their expert report to the plaintiff on August 4, 2015, which is the ninetieth day before the November 2, 2015, trial date in this case, *see* Fed. R. Civ. P. 6(a)(1). (Mackey Decl. ¶¶ 2-3.) Thus, the Court will not exclude the defendants' expert, Dr. Chad Jeremy Zawitz, based on untimeliness.

Second, the plaintiff challenges Dr. Zawitz's qualifications to testify as an expert at trial. He contends that Dr. Zawitz is not qualified to testify on anything other than his "HIV Inf. Dis. Spc. Background" and that his opinion on STD infection is "too unreliable under Daubert facts 1, 3, 4, FRE 403." (ECF No. 297 at 2, 3.) In response, the defendants first contend that while the plaintiff's arguments may be proper cross-examination material at trial, they are not a basis to exclude the expert testimony on an across-the-board basis.

- 3 -

They charge that the plaintiff's motion is clearly a motion in limine and that, as such, they have until October 9, 2015, to respond to the motion. The defendants then address the "unsupported, conclusory allegations" made in the plaintiff's motion. (Dkt. No. 299 at 4.)

Here, a review of Dr. Zawitz's curriculum vitae (Dkt. No. 300-1) and his Expert Opinion Letter (Dkt. No. 298-1) reveal that he is competent to provide expert testimony in this case regarding the conditions at the Milwaukee County Jail, including the medical psychological care provided at the Jail, and any injuries that the plaintiff allegedly suffered during his stay at the Jail, including an STD infection. Dr. Zawitz is board certified in Infectious Diseases and Internal Medicine. He works full-time at the Cook County Jail in Chicago with additional privileges at the John H. Stroger Hospital and Ruth M. Rothstein CORE Center. Additionally, he volunteers as a Clinical Assistant Professor of Family Medicine at the University of Illinois School of Medicine and as an Assistant Professor at Rush University. Dr. Zawitz has extensive experience in multiple medical areas besides infectious disease. He has practiced in a jail setting for over eleven years and is familiar with inmates and their medical/psychiatric issues. Thus, the Court will deny the plaintiff's challenge to Dr. Zawitz's qualifications at this stage.

The plaintiff requests that if the Court allows Dr. Zawitz's opinions, the trial be rescheduled to March "to allow pl. to prepare for and depose Dr.

Zawitz under Fed. R. Civ. P. 26(b)(4), and for an order barring disclosure of any new experts." (Dkt. No. 297 at 3-4.) The plaintiff asserts that he needs more time because he has another civil trial scheduled for February 2016, and that the trial in this case will need to be moved to March of 2016 or later "to avoid a conflict." (Dkt. No. 297 at 4; 298-1 at 45-46.) The defendants object to an adjournment of the trial date. The Court agrees. The defendants timely disclosed their expert to the plaintiff. He has had sufficient time to depose Dr. Zawitz. Additionally, the Court previously granted the plaintiff's motion to appoint counsel, but the plaintiff declined *pro bono* attorney representation and elected to proceed on his own.[1] The fact that the plaintiff now needs more time — because he has issues conducting a deposition based on his status as an indigent pro se prisoner and because he has another civil trial in February 2016 — is his own fault and does not warrant delay of the trial. Accordingly, the Court will deny the plaintiff's request to reschedule the trial date.

Lastly, the plaintiff requests that the Court appoint an expert for him under Federal Rule of Evidence 706. He asserts that he needs a "rebuttal expert" based on Dr. Zawitz's testimony. According to the plaintiff, his indigence and the defendants' "11th hour" disclosure of dubious expert opinion is sufficient cause under Rule 706(a). (Dkt. No. 297 at 4.)

---

[1] The plaintiff does have stand-by counsel for trial.

- 5 -

A court may appoint an expert to help sort through conflicting evidence, *see* Fed. R. Evid. 706(a); *Ledford v. Sullivan,* 105 F.3d 354, 358 (7th Cir. 1997), but it need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson, *see ATA Airlines, Inc. v. Federal Express Corp.,* 665 F.3d 882, 889 (7th Cir. 2011); *Gil v. Reed,* 381 F.3d 649, 659 (7th Cir. 2004); *Hannah v. United States,* 523 F.3d 597, 601 (5th Cir. 2008).

As set forth above, the defendants timely disclosed Dr. Zawitz, and the plaintiff has not shown that his expert opinion is "dubious." Thus, the plaintiff's reasons for needing an expert do not withstand scrutiny. Moreover, as indicated, the Court previously granted the plaintiff's motion to appoint counsel, but the plaintiff declined that option and decided he wanted to proceed on his own. The Court will not appoint an expert for him at this late date.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration or relief from summary judgment (ECF No. 289) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (ECF No. 289) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for contempt proceedings or sanctions (ECF No. 290) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to exclude late expert disclosure and unreliable witness testimony (ECF No. 297) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order limiting expert testimony (ECF No. 297) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for scheduling conference to reschedule trial (ECF No. 297) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of experts (ECF No. 297) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2015.

                      **BY THE COURT:**

                      _____
                      **HON. RUDOLPH T. RANDA**
                      **U.S. District Judge**