UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT L. TATUM,**

       Plaintiff,

    -vs-                                              Case No. 11-CV-1131

**DAVID A. CLARKE, JR., KEVIN NYKLEWICZ,
CAPTAIN PETER JASKULSKI, CAPTAIN MELISSA ELLIOTT,
LT. ABIE DOUGLAS, LT. TRICIA CARLSON,
SGT. FATRENA HALE, SGT. SARAH WRONSKI,
SGT. THOMAS TRETTIN, SGT. THOMAS LIEBENTHAL,
SGT. GARY COLEMAN, SGT. BRET MYERS,
DETECTIVE TIMOTHY LORCH,
DETECTIVE MITCHELL GOTTSCHALK,
CO PATRICK DIGGINS-DAVIS, CO DENNIS MCKNIGHT,
CO JUSTIN GEORGESON, CO CHARLES HOLT,
CIO EDWARD HORZEWSKI, CO JAMES KOSCIELAK,
CO CHERI SCHMITZ, TINA WATTS, RN CHRIS LUBUS,
CO MATT LEETE, PSW KIRK LAUSTERER,
SGT. JOHN NOVOTNY, CO JOHN WOODS, JANE LUNA,
CO SEAN HENDERSON, CO MICHAEL LEEMAN,
CO DESHAWN MCKINLEY,
UNKNOWN, Sued as RN #2, #3, #5, #6, #7,
JOHN D. KRAKLOW, CALVIN SMITH,
AND DECORIE SMITH,**

       Defendants.[1]

---

# DECISION AND ORDER

---

    The plaintiff has filed several motions. The defendants have filed a

---

[1] Defendant John Woods is properly identified as Leon Woods. Defendant Jane Luna is properly identified as Denise Luna. Defendant John Novotny is properly identified as James Novotny. The case docket will be edited to reflect the proper names of these defendants.

letter requesting clarification of the plaintiff's claims and seeking dismissal of twelve defendants. The Court will address the plaintiff's motions first.

The plaintiff has filed a motion for sanctions and contempt proceedings against non-party Wisconsin Secure Program Facility staff for using e-filing to "sabotage" his legal filings by "shrinkage" to affect the readability of the plaintiff's handwriting (ECF No. 305). According to the plaintiff, by examining his "reply to Doc. 297" he recently discovered that prison staff shrunk photocopies of his filings. The reply brief to Docket 297[2] is Docket 303. That document appears to be normal-sized and not shrunken. In any event, it is legible. The plaintiff's motion is unfounded and will be denied.

Next, the plaintiff has filed a motion to disqualify Judge Randa pursuant to 28 U.S.C. §§ 144 and 455. He asserts that I, Judge Randa, "rudely cut Tatum off with the statement 'the LAWYERS are talking here'" during the April 13, 2015, telephonic scheduling conference. (ECF No. 327 at 2.) The plaintiff also asserts that in the Court's September 21, 2015, order, I specifically cited to the plaintiff's pro se status as a reason for

---

[2] The plaintiff filed Docket 297 on August 10, 2015. It is his motion to exclude late expert disclosure and unreliable witness testimony or, alternatively, motion for order limiting expert testimony, motion for scheduling conference to reschedule trial, and motion to renew motion for appointment of experts.

- 2 -

Case 2:11-cv-01131-LA   Filed 10/13/15   Page 2 of 10   Document 346

denying two of the plaintiff's motions. The plaintiff also cites to two of his other civil cases and states that my actions in those cases demonstrate bias and prejudice toward the plaintiff.

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1).

The plaintiff alleges only actions by me that occurred in the course of judicial proceedings. "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, the plaintiff does not suggest that I relied upon knowledge acquired outside such proceedings or displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. *See id.* at 556. The plaintiff's assertions do not include the full context of the situations he cites to, specifically with regard to the Court's September 21, 2015, denial of the plaintiff's motion to reschedule the trial and motion for appointment of experts, *see infra.* at 5-6. As such, the Court will deny plaintiff's request for disqualification under

§ 455.

A motion to disqualify under 28 U.S.C. § 144 requires a showing of actual bias. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004). A party must present "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." 28 U.S.C. § 144. The facts alleged in the plaintiff's motion must be legally sufficient and demonstrate the judge's personal bias or prejudice against a party. *Hoffman*, 368 F.3d at 718; *United States v. Balistreri*, 779 F.2d 1191, 1199 (7th Cir. 1985). "A court may only credit facts that are 'sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.'" *Hoffman*, 368 F.3d at 718 (quoting *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)). Here, the plaintiff has not shown that Judge Randa has actual bias towards him. The Court will deny plaintiff's request under § 144.

The plaintiff requests that if this Court denies his motion to disqualify, it suspend these proceedings so that the plaintiff may immediately appeal the denial under the "collateral order doctrine." However, the denial of a motion to disqualify a judge is not an appealable final order under 28 U.S.C. § 1291. *See Shakman v. Democratic Org. of*

*Cook Cnty.*, 919 F.2d 455 (7th Cir. 1990) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375-76 (1981)).[3]

Next, the plaintiff has filed a motion for reconsideration of the Court's September 21, 2105, order "and for decision to be held in abeyance pending disqualification" (ECF No. 329). He contends that the Court "'wholesale disregarded' and 'failed to recognize' or apply controlling and relevant case precedent, instead grounding denials on pl. pro se counsel of choice decision, and exercised 'inclinations' and not 'judgment' guided by sound legal principals, warranting reconsideration." (ECF No. 329 at 1.) Specifically, the plaintiff contends that the Court incorrectly determined that he was not entitled to summary judgment based on *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015); failed to mention any experience that Dr. Zawitz had in support of its decision denying the plaintiff's motion to exclude him as an expert witness; and sought to punish the plaintiff for exercising his right to proceed pro se.

A review of the Court's September 21, 2015, order reveals that it did

---

[3] "[T]he denial of a request that the judge recuse himself under section 455(a) must be appealed immediately by application for writ of mandamus, or it is waived." *Carlson v. Bukovic*, 621 F.3d 610, 623 n.21 (7th Cir. 2010) (quoting *United States v. Horton*, 98 F.3d 313, 316 (7th Cir. 1996)); *see also Hook v. McDade*, 89 F.3d 350, 353 n.2 (7th Cir. 1996) ("A petition for a writ of mandamus is an extraordinary remedy, but the only recourse available to challenge a judge's denial of a motion for disqualification under 28 U.S.C. § 455." (citations omitted)).

not erroneously deny his motion for reconsideration based on *Kingsely*. Rather, the Court determined that while the decision would be relevant at trial, it did not warrant judgment in the plaintiff's favor on his disputed excessive force claims. (ECF No. 308 at 1-2.) In addition, the Court not only generally stated that Dr. Zawitz has "extensive experience in multiple medical areas," but also reviewed his curriculum vitae and summarized that experience in reaching its decision to deny the plaintiff's challenge to Dr. Zawitz's qualifications. (ECF No. 308 at 4.) Lastly, the Court has not punished the plaintiff for exercising his right to represent himself. Rather, the Court reasoned that the plaintiff had not demonstrated sufficient cause to warrant an extension of time to depose Dr. Zawitz because the defendants timely disclosed their expert to him and because he had sufficient time to depose him.

In sum, the plaintiff has not shown that the Court "'wholesale disregarded' and 'failed to recognize' or apply controlling and relevant case precedent." Therefore, the Court will deny his motion for reconsideration.

The Court turns to the defendants' letter requesting that "the court issue an order clearly identifying the claims and Defendants that are proceeding to trial and removing any dismissed Defendants from the case caption." (ECF No. 330 at 1.) The defendants' letter includes a list of

claims that they understand are not at issue at trial:

1. Any *Monell* Official Capacity Claims;
2. State Law Medical Negligence Claims;
3. Deliberate Indifference to Safety/Wellbeing or Failure to Protect Claims;
4. Conditions of Confinement Claims;
5. Retaliation/Retaliatory Conspiracy Claims;
6. Access to Courts Claims;
7. Procedural Due Process Claims other than for Disciplinary Hearings of 9/29/10, 2/28/11, and 3/29/11;
8. Substantive Due Process Claims; and
9. State Law Privacy Claims.

(ECF No. 330 at 2.) The defendants also contend that the following defendants should be dismissed from this action and removed from the case caption: Patrick Diggins-David; Justin Georgeson; Mitchell Gottschalk; Charles Holt; Edward Horzewski; Peter Jaskulski; Thomas Liebenthal; Timothy Lorch; Denise Luna; Kevin Nyklewicz; Leon Woods; and Sheriff David Clarke.

As stated in the Court's September 23, 2014, order granting in part and denying in part the defendants' second motion for summary judgment:

> In sum, the defendants' motion for summary judgment will be granted with respect to Tatum's substantive due process claims, procedural due process claims related to his January 27, 2010[4], March 18, 2011, April 25, 2011, and May 25, 2011, disciplinary hearings, and privacy claims. The defendants' motion for summary judgment will be denied as to Tatum's

---

[4] This date should read January 27, 2011. (See ECF No. 240 at 16.) The Court also erroneously stated "2010" on pages 30 and 31 of the September 23, 2014, order.

- 7 -

> medical care claims, religion claims, procedural due process claims related to the September 29, 2010, February 28, 2011, and March 29, 2011 disciplinary hearings, excessive force claims, assault and battery claims, and intentional and negligent infliction of emotions distress claims.

(ECF No. 240 at 35-36.)

The defendants' list of claims not at issue at trial is correct with regard to items 2 – 9 of their list. That is, the plaintiff is not proceeding on any state law medical negligence claims; deliberate indifference to safety/wellbeing or failure to protect claims; conditions of confinement claims; retaliation/retaliatory conspiracy claims; access to courts claims; procedural due process claims other than for disciplinary hearings of September 29, 2010, February 28, 2011, and March 29, 2011; substantive due process claims; and state law privacy claims.

However, the plaintiff's claims do include *Monell* official capacity claims. Specifically, with regard to the plaintiff's due process claim, he claims that the Milwaukee County Jail has a policy to not allow inmates to have witnesses testify at their due process hearings. (ECF No. 240 at 7, 30.) He also claims that while the Jail has a policy stating that the "RIPP bed" cannot be used as punishment, the Jail punishes inmates customarily with the "RIPP bed." (ECF No. 1 at 10 ¶ 83.) The plaintiff positss that his religion and medical care claims, under which he allegedly lost forty

- 8 -

pounds in twenty-five days based on the defendants' failure to give him a religious diet, was due in part to the Jail's lack of an adequate policy or procedure that affords an inmate a religious diet. (Dkt. No. 1 at 18 ¶ 199.)[5]

Finally, as indicated, the defendants list twelve defendants that they believe should be dismissed. However, short of stipulation by the parties that a defendant be dismissed for lack of personal involvement, this is not the correct juncture to raise this issue.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for sanctions and contempt proceedings (ECF No. 306) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to disqualify judge (ECF No. 327) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (ECF No. 329) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant CO John Woods is properly identified as Leon Woods; defendant Jane Luna is properly identified as

---

[5] The Court notes that with respect to Sheriff Clarke individually, the plaintiff also claims that on November 10, 2010, Sheriff Clarke was advised of the plaintiff's medical mistreatment based on the diet he was receiving at the Jail, and that he was advised of an excessive force incident regarding the plaintiff. (Dkt. No. 240 at 5.) In addition, the plaintiff claims that on March 3, 2011, the plaintiff's mother sent Sheriff Clarke a letter regarding his alleged mistreatment at the Jail. *Id.*

Denise Luna; and defendant John Novotny is properly identified as James Novotny.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2015.

                              **BY THE COURT:**

                              _____
                              **HON. RUDOLPH T. RANDA**
                              **U.S. District Judge**

- 10 -

Case 2:11-cv-01131-LA   Filed 10/13/15   Page 10 of 10   Document 346