UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

        Plaintiff,

  -vs-                                                              Case No. 11-C-1131

DAVID A. CLARKE, JR.,
KEVIN NYKLEWICZ,
PETER JASKULSKI,
MELISSA ELLIOT,
ABIE DOUGLAS,
TRICIA CARLSON,
FATRENA HALE,
SARAH WRONSKI,
THOMAS TRETTIN,
THOMAS LIEBENTHAL,
GARY COLEMAN,
BRET MYERS,
TIMOTHY LORCH,
MITCHELL GOTTSCHALK,
PATRICK DIGGINS-DAVIS,
DENNIS MCKNIGHT,
JUSTIN GEORGESON,
CHARLES HOLT,
EDWARD HORZEWSKI,
JAMES KOSCIELAK,
SHERI SCHMITZ,
TINA WATTS,
CHRIS LUBUS,
MATT LEETE,
KIRK LAUSTERER,
JAMES NOVOTNY, originally sued as "JOHN NOVOTHY,"
LEON WOODS, originally sued as "JOHN WOODS"
DENISE LUNA, originally sued as "JANE LUNA,"
SEAN HENDERSON,
MICHAEL LEEMAN,
DESHAWN MCKINLEY,
UNKNOWN, Sued as RN #2, #3, #5, #6, #7,
JOHN D. KRAKLOW, originally sued as CERT team leader Tim "Doe"

**CALVIN SMITH, originally sued as CERT team leader Tim "Doe,"
and
DECORIE SMITH, originally identified as "JOHN" D. SMITH,**

Defendants.

## DECISION AND ORDER

This Decision and Order addresses Plaintiff Robert Tatum's ("Tatum") motion (ECF No. 332) requesting that the United States Marshal be directed to serve subpoenas upon 12 individuals whom he wants to testify at the November 2, 2015, jury trial, and writs of habeas corpus ad testificandum for himself and four Wisconsin prison inmates whom he also wants to testify at trial.

Tatum is advised that the Court has issued a writ to secure his attendance for the trial of his case. Tatum should make arrangements to obtain street clothing to wear during the trial. Perhaps his mother, Linda Muhammed, could get street clothing for him to wear during the trial and contact the United States Marshal's Service in Milwaukee to make arrangements to get it to him in time for the trial.

With respect to the other requests for writs and subpoenas, they all demand the appearance of the witnesses on November 2, 2015 at 9:00 a.m. However, it is highly unlikely that all of Tatum's proposed witnesses would

testify that day.

To assist the parties in planning, the Court provides the following information. Typically the jury trial day begins at 9:00 a.m. and ends at 5:00 p.m. The first day of trial will begin with the Court conducting voir dire of the jury panel, which will include any appropriate questions suggested by the parties. The parties will then select the trial jury, the Court will provide preliminary jury instructions, and the parties will give their opening statements. About 1:00 p.m., Tatum may begin presenting testimony and evidence.

At trial Tatum must be prepared to introduce evidence to prove each of the alleged facts that support the remaining claims in his lawsuit: *Monell* official capacity claims; medical care claims, religion claims, procedural due process claims related to the September 29, 2010, February 28 and March 29, 2011, disciplinary hearings; excessive force claims; and supplemental state law claims of assault and battery and intentional and negligent infliction of emotions distress. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Tatum's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.

This Decision and Order addresses whether Tatum has made a

particularized showing in order to obtain the attendance of witnesses by means of Court-facilitated service. In short, as to an inmate witness, the Court will not issue such an Order unless it is satisfied that the prospective witness (a) is willing to attend and (b) has actual knowledge of relevant facts. As to an unincarcerated witness who is not willing to attend voluntarily, the Court will not issue such an Order, unless it is satisfied that the prospective witness (a) has material testimony; i.e., actual knowledge of relevant facts and (b) there is a necessity for such testimony.

Tatum has not provided sufficient information as to each of his proposed witnesses and will be given an opportunity supplement his request. The Defendants will also be given an opportunity to respond.

## Writs

An incarcerated witness who agrees to attend trial to give testimony cannot come to Court unless the Court orders the warden or other custodian to transport the witness to Court. Tatum requests street clothing for all of his inmate witnesses so that his case will not be unfairly prejudiced.

With respect to his four inmate witnesses, Tatum provides the following information:

1. Maurice Collins – An inmate at Waupun Correctional Institution who, according to Tatum, witnessed relevant events, is familiar with the Milwaukee County Jail environment and customs, and was on subpod C with Tatum on October 9, 2010. As of November 2010, Collins was willing to testify on Tatum's behalf.

2. Michael Roman – An inmate at Columbia Correctional Institution, whom Tatum states witnessed relevant events and is familiar with the Milwaukee County Jail environment and customs. Roman was on subpod C on October 9, 2010, and was placed in restraints and cuffs on October 20, 2010, the day before Tatum was placed in restraints and cuffs. Tatum is not sure whether Roman is willing to testify.

3. Dwayne Thomas – An inmate confined at Columbia Correctional Institution, whom Tatum states witnessed relevant events and is familiar with the Milwaukee County Jail environment and customs. Tatum states that Thomas was willing to testify as of July 29, 2013. Thomas has provided a sworn declaration stating that he was in a double occupancy cell with Tatum, that they discussed Tatum's religious beliefs related to his diet, which involved eating every other day and consuming no meat, and

- 5 -

that he witnessed the staff's denial of Tatum's requests to keep extra milk servings to accommodate those religious beliefs. Thomas also avers that Tatum was not the type of person who would be a disciplinary problem or overly aggressive. (ECF No. 333-1, p. 1.)

4. Germell Lindsey – An inmate confined at Wisconsin Secure Program Facility, whom Tatum states witnessed relevant events and is familiar with the Milwaukee County Jail environment and customs. Lindsey was willing to testify as of December 7, 2011, and provided a sworn declaration regarding the events he witnessed on November 26, 2010, involving the alleged denial of a special diet tray by Defendant Charles Holt and Holt's refusal to call a superior officer.[1] (ECF No. 331-1, pp. 2-3.) Lindsey and Tatum were both on subpod B on November 27, 2010.

Tatum's submissions provide sufficient identifying information about each inmate witness; his name and prison identification number and address where known. However, Tatum has not made an adequate showing that any of these inmate witnesses are currently willing to testify

---

[1] The remainder of Lindsey's declaration relates to retaliation claims that were dismissed.

at the November trial. Tatum must provide updated information regarding each inmate's willingness to testify.

The willingness of the prospective witness can be shown in one of two ways: (1) Tatum can swear by declaration under penalty of perjury that the prospective witness has informed him that he is willing to testify voluntarily without being subpoenaed, in which declaration Tatum must state when and where the prospective witness informed him of this willingness; or (2) Tatum can serve and file a declaration by the prospective witness, signed under penalty of perjury, in which the witness states that he is willing to testify.

Furthermore, the prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if Tatum has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (for example, if an incident occurred in a plaintiff's cell and the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify), Tatum can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) Tatum can serve and file a declaration signed by the prospective witness under penalty of perjury in which the witness describes the relevant facts to which he witness was an

- 7 -

eyewitness or ear-witness. Whether the declaration is made by Tatum or by the prospective witness, it must be specific about the incident: when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred. Tatum has not shown that Collins has actual knowledge of relevant facts. Tatum also has not provided any explanation of why Roman's placement in restraints and cuffs is relevant to Tatum's placement in restraints and cuffs the next day.

Before the Court issues a ruling specifying whether any prospective incarcerated witnesses must be brought to court, Tatum will be given an opportunity to supplement his motion. Any supplement to the motion regarding the incarcerated witnesses must be filed on or before October 16, 2015. Opposition, if any, must be filed on or before October 19, 2015.

### Subpoenas

Any unincarcerated witness who refuses to testify voluntarily must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus travel expenses. 28 U.S.C. § 1821. Tatum asks that the Defendants pay the

costs of obtaining these witnesses. However, at this juncture the Court has no basis to order the Defendants to pay the costs of obtaining witnesses to prove Tatum's case.

In *Guy v. Maio,* 227 F.R.D. 498, 501 (E.D. Wis. 2005), indicating that the Seventh Circuit had not ruled on whether the United States can pay for the cost of subpoenaing witnesses, the Court relied on *Coleman v. St. Vincent DePaul Society,* 144 F.R.D. 92, 94-95 (E.D. Wis. 1992), which noted that the Supreme Court had declared that the expenditure of public funds is only permissible when authorized by Congress and, further, no such authorization permitted the United States to pay witness fees and other expenses for subpoenas issued on behalf of litigants proceeding in forma pauperis ("IFP"). *Guy*, 227 F.R.D. at 501. Nevertheless, *Coleman* reasoned that § 1915(d) (then codified in § 1915(c)) implicitly authorized the payment of such fees. *Id.* Any other interpretation of the statute allowing "an IFP litigant to commence an action but never to complete it because of the IFP litigant's inability to pay witness fees and other expenses associated with subpoenaing necessary witnesses for trial would be wholly illogical." *Id.* (citing *Coleman,* 144 F.R.D. at 95.) Consequently, subpoenas requested by IFP litigants should be considered part of the operational expenses of the courts. *Id*. Absent direction from the Seventh

Circuit on this issue, the Court maintains that view today. However, "[a]n IFP litigant should only be entitled to subpoena witnesses for trial at government expense after a preliminary and complete showing of the materiality and necessity of each witness." *Id.* (citation omitted).

Tatum has provided a subpoena for Attorney Peter Koneazny, whom he states litigated and settled the *Christensen v. Milwaukee County* case and is experienced in prisoner litigation. Tatum has not stated whether Koneazny is willing to testify or provided any explanation regarding Koneazny's actual knowledge of relevant facts; i.e., materiality, or his necessity as a witness.

Tatum has also provided a subpoena for Muhammad, his mother, whom he states witnessed events, discussed matters with him, and contacted government officials and defendants. Tatum does not state whether Muhammad is willing to testify, and his explanation of her testimony does not establish her actual knowledge of relevant facts. Tatum has also not explained her necessity as a witness.

Tatum has also provided subpoenas for Sheriff David A. Clarke, Jr., Donald DeSotell, Florintino Franco-Sanchez, R.N., Fredrick Porlucas, R.N., Deborah Cales, R.N., Ann Knoll, R.N., Carolyn Exum, R.N., Margie Burton R.N., Elysia Scanning, R.N., and Russell Mewhorter, R.N. He

states that Franco-Sanchez, Porlucas, Cales, Knoll, Exum, Burton, Scanning, and Mewhorter were previously designated as "UNKNOWN, Sued as RN #2, #3, #5, #6, and #7." Tatum does not state whether these individuals will voluntarily testify and each individual's actual knowledge of relevant facts, nor does he explain each individual's necessity as a witness.

If any of the unincarcerated individuals Tatum has listed have agreed to testify at trial, it is Tatum's obligation (as the party who has secured the witness's voluntary attendance) to notify the witness of the time and date of trial. He need not seek or obtain any action by the Court. By October 16, 2015, Tatum must notify the Court whether any of the witnesses that he seeks to subpoena will appear voluntarily.

If Tatum wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Tatum must provide additional information by October 16, 2015, regarding his or her relation to the present controversy, and the testimony he or she will provide – actual knowledge of relevant facts. Tatum should also explain why such testimony is necessary for him to try his case.

N**OW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

- 11 -

Case 2:11-cv-01131-LA   Filed 10/14/15   Page 11 of 12   Document 357

Tatum must file a supplement to his motion for attendance of incarcerated and unincarcerated witnesses as described in this Order on or before **October 16, 2015**; and

Opposition, if any, must be filed on or before **October 19, 2015**.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**