# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT L. TATUM,**

        Plaintiff,

      -vs-                  **Case No. 11-C-1131**

**DAVID A. CLARKE, JR.,**
**KEVIN NYKLEWICZ,**
**PETER JASKULSKI,**
**MELISSA ELLIOT,**
**ABIE DOUGLAS,**
**TRICIA CARLSON,**
**FATRENA HALE,**
**SARAH WRONSKI,**
**THOMAS TRETTIN,**
**THOMAS LIEBENTHAL,**
**GARY COLEMAN,**
**BRET MYERS,**
**TIMOTHY LORCH,**
**MITCHELL GOTTSCHALK,**
**PATRICK DIGGINS-DAVIS,**
**DENNIS MCKNIGHT,**
**JUSTIN GEORGESON,**
**CHARLES HOLT,**
**EDWARD HORZEWSKI,**
**JAMES KOSCIELAK,**
**CHERI SCHMITZ, originally sued**
**as "SHERI SCHMITZ,"**
**TINA WATTS,**
**CHRIS BECKER, formerly known as**
**"CHRIS LUBUS,"**
**MATT LEETE,**
**KIRK LAUSTERER,**
**JAMES NOVOTNY, originally sued**
**as "JOHN NOVOTHY,"**
**LEON WOODS, originally sued**
**as "JOHN WOODS"**
**DENISE LUNA, originally sued**

---

as "JANE LUNA,"
SEAN HENDERSON,
MICHAEL LEEMAN,
DESHAWN MCKINLEY,
CALVIN SMITH, originally sued
as CERT Team Leader Tim "Doe,"
and
DECORIE SMITH, originally sued
as "JOHN D. SMITH,"

Defendants.[1]

# DECISION AND ORDER

Pro se Plaintiff Robert Tatum ("Tatum") filed this civil rights action pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1 and 1983, with supplemental state law claims regarding incidents that allegedly occurred while he was confined at the Milwaukee County Jail (the "Jail") from June 4, 2010, through June 15, 2011. After two rounds of summary judgment motions, the following claims remain for the impending November 2, jury trial: *Monell* official capacity claims; medical care claims; religion claims; procedural due process claims related to the September 29, 2010, February 28 and March

---

[1] The Court has amended the case caption to correct the spelling of Defendant Schmitz's given name and to reflect the change in Defendant Lubus's surname to Becker. The Court has also removed Defendant John D. Kraklow from the caption and will dismiss him from this action based on Plaintiff Robert L. Tatum's April 27, 2015, request that he be dismissed. (ECF No. 269, at 2.)

29, 2011, disciplinary hearings; excessive force claims; and state law claims of assault and battery and intentional and negligent infliction of emotional distress.

From June 4 through April 6, 2010, Tatum was a pretrial detainee. On April 7, 2011, Tatum was convicted of two counts of first degree intentional homicide with use of a dangerous weapon. On June 10, 2011, he was sentenced to life in prison without possibility of extended supervision on both counts. S*ee* https://wcca.wicourts.gov/ (last visited Oct. 14, 2015.) Tatum's confinement at the Jail ended on June 16, 2011, when he was moved into the Wisconsin correctional system.

Tatum has filed an 11-part motion in limine and a motion for sanctions. (ECF Nos. 305, 360.) The Defendants have filed 17 motions in limine and a motion to strike (ECF Nos. 309-325, 354.) These motions are addressed herein.

Rules 401 and 403 of the Federal Rules of Evidence are the bedrock for preliminary determinations as to the admissibility of evidence. Evidence is relevant whenever it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. *Cobige v. City of Chi.,* 651 F.3d 780, 783 (7th Cir. 2011), as

- 3 -

amended on denial of reh'g (7th Cir. Sept. 8, 2011). Rule 403 codifies the Court's power to exclude otherwise relevant evidence whose probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Cavender,* 228 F.3d 792, 799 (7th Cir. 2000). "Evidence is unfairly prejudicial where 'its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Barber v. City of Chi.*, 725 F.3d 702, 714 (7th Cir. 2013).

The Court will exclude evidence on a motion in limine only if the evidence clearly is not admissible for any purpose. Otherwise, evidentiary rulings must be deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion is admissible; it means that at the pretrial stage the Court is unable to determine whether the evidence should be excluded. The Court begins with the issues raised by Tatum's motions in limine.

### 1.  Exclude Criminal Convictions and Sentence

Tatum requests an order excluding evidence of his criminal

- 4 -

convictions and sentence, arguing that such evidence would be highly prejudicial and would amount to impermissible character evidence. The Defendants assert that under Fed. R. Evid. 609(a)(1), the evidence is presumed admissible. They contend that Tatum's convictions are relevant to his character for truthfulness and that the nature and duration of Tatum's sentence is relevant to many of his allegations, particularly those regarding his claim for alleged emotional distress damages, citing as an example his allegation that being required to change clothes after he was sprayed with "OC" spray on May 4, 2011, caused him "severe emotional distress" and has resulted in "extreme fear of exposing his naked body to women . . . which will affect his future relationships negatively." (Compl. ¶¶ 161-62, ECF No. 1.)

With respect to attacking a witness's character for truthfulness by evidence of a criminal conviction, Rule 609(a)(1)(A) provides that evidence of convictions for crimes punishable by death or imprisonment of more than one year "must" be admitted, subject to Rule 403. "The rationale for . . . allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime." *Schmude v. Tricam Indus., Inc.*, 556

- 5 -

F.3d 624, 627 (7th Cir. 2009).  While that rationale is "underinclusive," and the rule itself is "controversial," *id.* at 627-28, the language chosen by Congress indicates that admission of prior felonies is mandatory unless trumped by the concerns captured in Rule 403.

In criminal cases, the Court of Appeals for this Circuit employs a five-part test "to guide the district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery,* 390 F.3d 1013, 1015 (7th Cir. 2004).  While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis. *See, e.g., Anderson v. City of Chi.,* 09 C 2311, 2010 WL 4928875, at *2-3 (N.D. Ill. Nov. 30, 2010). Underscoring the text of the rule itself, the Seventh Circuit has cautioned courts to "be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her."  *Gora v. Costa,* 971 F.2d 1325, 1331 (7th Cir. 1992).

Here, Tatum's murder convictions fall within the ten-year period of

- 6 -

admissibility specified in Rule 609(a)(1) and the underlying conduct was the cause of his confinement in the Jail; he was jailed in June 2010 due to the pending charges which lead to his April 2011 convictions, then he was jailed while awaiting sentencing and transfer to a correctional institution. A significant factor favoring admission is the importance of Tatum's testimony and the centrality of witness credibility to the outcome of this case. While Tatum intends to call other witness to testify at trial, his testimony will be critical to the jury's comprehension and evaluation of the evidence. *See Montgomery*, 390 F.3d at 1016. However, the impeachment value of the prior crimes weighs in favor of Tatum's position. Murder does not implicate truthfulness. *See Montgomery,* 390 F.3d at 1015 (impeachment value greater if convictions implicate truthfulness.)

On balance, taking into consideration the importance of Tatum's credibility as a witness, and thus the probative value of the prior convictions and the potential for prejudice given the nature of the convictions, this is an appropriate case for "'sanitization' of prior-crimes evidence used to impeach" by "concealing the nature or name of the crime." *Schmude,* 556 F.3d at 627. In this case, the necessary "sanitization" must include (1) the nature and name of the crimes (murder/first degree homicide), and (2) the sentence imposed (life without the possibility of

Case 2:11-cv-01131-LA   Filed 10/22/15   Page 7 of 41   Document 368

extended supervision).  The sentence must be kept from the jurors to guard against leading the jurors to draw prejudicial inferences about the seriousness of the crime.  Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Tatum's motion to bar the Defendants from introducing his felony convictions at trial.  The Defendants may introduce evidence of the convictions per Rule 609(a)(1) by referring to them as "felony convictions," but are barred from mentioning the name or nature of the convictions or that he is serving a life sentence without the possibility of extended supervision.

## 2. Exclude Inflammatory Nation of Islam Religious Beliefs

Citing Fed. R. Evid. 610, 401 and 403, Tatum states that although evidence of his religion, "Unorthodox Islam, namely Nation of Islam (NOI)," is relevant, "NOI beliefs and literature" have "highly inflammatory matters if taken out of correct context" such as that "white people are the devil(s)" and "the Black man is God," which are "irrelevant to determining religious diet facts."  (*See* Pl.'s Mot. in Limine No. 2.)  Therefore, Tatum requests an order excluding references to NOI beliefs other than those relating to the religious diet.  The Defendants contend that the nature and sincerity of Tatum's religious beliefs is relevant in this case because his claims are premised on a theory that they discriminated against him

- 8 -

because of his religion.

Tatum's claims regarding denial of a religious diet arise under the First Amendment and RLUIPA. Governmental imposition of a "substantial burden on the religious exercise" of a prisoner is prohibited, even if the burden results from a rule of general applicability, unless the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).

> In establishing a claim under RLUIPA, the plaintiff bears the initial burden of showing (1) that he seeks to engage in an exercise of religion; and, (2) that the challenged practice substantially burdens that exercise of religion. *Id.* § 2000cc–2(b). Once the plaintiff establishes this prima facie case, the defendants "bear the burden of persuasion on any [other] element of the claim," *id.*, namely whether their practice "is the least restrictive means of furthering a compelling governmental interest.

*Koger v. Bryan,* 523 F.3d 789, 796 (7th Cir. 2008) (citation omitted). "The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). "Although RLUIPA bars inquiry into whether a particular belief or practice is central to a prisoner's religion, . . . [it] does not preclude inquiry into the sincerity of a prisoner's professed religiosity."

*Koger*, 523 F.3d at 797 (citing *Cutter v. Wilkinson,* 544 U.S. 709, 725 n.13 (2005))  Because RLUIPA is a guarantor of sincerely held religious beliefs, it may not be invoked simply to protect any "way of life, however virtuous and admirable, . . . if it is based on purely secular considerations."  *Id.* (quoting *Wisconsin v. Yoder,* 406 U.S. 205, 215 (1972)).

A detainee's right to practice his religion is also protected under the First Amendment; however, that right is "subject to limits appropriate to the nature of prison life."  *Vinning-El v. Evans,* 657 F.3d 591, 592-93 (7th Cir. 2011).  "Religious belief must be sincere to be protected by the First Amendment, but it does not have to be orthodox."  *Grayson v. Schuler,* 666 F.3d 450, 454 (7th Cir. 2012.)  Restrictions on a detainee's exercise of his religion are permitted as long as the restrictions are reasonably related to legitimate penological objectives.  *Turner v. Safley,* 482 U.S. 78, 89-91 (1987).  Those interests include safety, security, and economic concerns.  *Ortiz v. Downey,* 561 F.3d 664, 669 (7th Cir. 2009). Furthermore, because issues in prisons are complex, and courts are generally ill equipped to deal with these types of problems, courts generally defer to the prison officials' judgments on these issues.  *Shaw v. Murphy,* 532 U.S. 223, 229 (2001).

Tatum is advised that in defending against his RLUIPA and First Amendment claims the Defendants may inquire into the sincerity of his

- 10 -

professed religiosity. *Koger*, 523 F.3d at 797. However, NOI beliefs are not on trial. *See id*. The Defendants should be mindful of the difference between these two areas of questioning; however the ruling sought by Tatum is overbroad and must be addressed in the context of the trial. Any relevancy objections to the Defendants' questions about his religion must be raised at trial. Tatum's motion in limine is **DENIED** without prejudice.

### 3. Exclude Witnesses or Information Not Disclosed Pursuant to Federal Rule of Civil Procedure 26

Tatum asks the Court to exclude any witnesses or evidence not disclosed as required by Fed. R. Civ. P. 26. Initial disclosures under Rule 26(a)(1) were not required in this case because it is a pro se action brought by an inmate. Fed. R. Civ. P. 26(a)(1)(B)(iv).

Tatum's motion in limine is **DENIED** as premature. If either party attempts to introduce previously undisclosed witnesses or exhibits at trial other than for impeachment purposes, the opposing party can certainly object and the Court will address such objections at that time.

### 4. Exclude Witnesses Called Without 24-Hour Notice

Tatum seeks an order excluding any defense witnesses called without 24-hour advance notice. The Defendants' pretrial report lists 43 witnesses and states that they reserve the right to call any of Tatum's

- 11 -

witnesses and to call rebuttal witnesses whose identities will be disclosed at trial. As stated in Fed. R. Civ. P. 26(a)(3)(A), witnesses/evidence presented for the sole purpose of impeachment are not subject to pretrial disclosure requirements. If Tatum believes that a particular witness is being called improperly at trial, he may object at that time. However, his motion in limine seeking imposition of a "24 hour rule" is **DENIED**.

**5. Exclude Wisconsin DOC Records and Staff Witnesses**

Tatum requests an order excluding witnesses and evidence regarding his time in the custody of the Wisconsin Department of Corrections ("DOC") after leaving the Jail in June 2011. The Defendants respond that they do not intend to present evidence at trial regarding this issue; however, they object to the extent that Tatum intends to introduce DOC witnesses or documents regarding his retaliation claim. (*See* Pl.'s Mot. in Limine No. 5, ¶ 14.)

Tatum's retaliation claims were dismissed on summary judgment. (*See* Decision and Order at 18-20, Sept. 5, 2013, ECF No. 192.) Thus, he will not be allowed to introduce evidence at trial that is only relevant to those claims. However, given that the Defendants do not intend to present evidence at trial regarding Tatum's conduct while in DOC custody, Tatum's motion in limine is **GRANTED**.

- 12 -

## 6. Defendant Clarke's Liability for Milwaukee County Jail Customs and Policies

Relying on Defendant David A. Clarke, Jr.'s ("Clarke") response to Tatum's Rule 36 request for admissions, Tatum requests that the Court to take judicial notice under Fed. R. Evid. 201 of "def. Clarke's legal responsibility for MCJ policies and customs" and to exclude any defense that Clarke is not legally responsible as a waste of time. (*See* Pl.'s Mot. in Limine No. 6, ¶ 15.) The Defendants clarify that Clarke has admitted he and his most senior commanders are responsible for the Milwaukee County Sheriff's Office policies, and object to the extent that Tatum requests judicial notice under Fed. R. Evid. 201 that Clarke has admitted to violating Wis. Stat. § 302.40, or any state law or regulation. Questioning whether the claims pursuant to *Monell v. Dep't of Soc. Services,* 436 U.S. 658 (1978) against Clarke or the official capacity claims are proceeding to trial, they also suggest the motion is effectively moot.

The Court emphasizes that Tatum's official capacity/*Monell* claims against the Defendants, including Clarke, which were not addressed by the Defendants' summary judgment motions are proceeding to trial. The admission is governed by Fed. R. Civ. P. 36(b): "A matter admitted under this rule is conclusively established unless the court, on motion, permits

- 13 -

the admission to be withdrawn or amended." "Admissions, in some ways, are like sworn testimony. Once one is made, there is no need to revisit the point." *Banos v. City of Chi.,* 398 F.3d 889, 892 (7th Cir. 2005). The Defendants have admitted that "Clarke and his most senior commanders are responsible for the Milwaukee County Sheriff's Office policies." (Tatum Aff., Ex. 5, Response No. 21.) That admission has the effect of a stipulation of the parties or an admission in a pleading, rather than an evidentiary admission of a party. *See* Rule 36(b) Advisory Comm. Notes 1970 Amend. Thus, the admission is not subject to judicial notice under Rule 201. Furthermore, the admission does not establish Clarke's legal liability for the alleged violations of Tatum's constitutional rights.

As a threshold matter, Tatum must prove that his constitutional rights were violated by the Defendants. If he does, questions regarding official capacity and *Monell* liability then come into play. Therefore, regardless of Clarke's admission, Tatum's motion is **DENIED**. Nonetheless, the Court will confer with the parties regarding how Clarke's admission should be presented to at trial.

## 7. Issue Preclusion re: Due Process Hearings.

Tatum relies on *Inmates of Milwaukee County Jail v. Petersen,* 353 F. Supp. 1157 (E.D. Wis. 1973), contending that the issue of deprivation of

- 14 -

due process regarding the Jail's rules violation hearings has already been decided. The Defendants indicate that *Peterson* does not apply to the current Jail procedures.

*Bernstein v. Bankert,* 733 F.3d 190, 225 (7th Cir. 2013) cert. denied, 134 S. Ct. 1024 (2014) explains:

> The doctrine of issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001)). Issue preclusion requires an identity of issues: "the doctrine 'applies only when (among other things) the same issue is involved in the two proceedings [.]' " *Coleman v. Donahoe,* 667 F.3d 835, 853-54 (7th Cir. 2012) (quoting *King v. Burlington N. & Santa Fe Ry. Co.,* 538 F.3d 814, 818 (7th Cir. 2008)). Additionally, it is well-settled that issue preclusion, like claim preclusion, only applies if the issue was previously determined by a "valid and final judgment." *Bobby v. Bies,* 556 U.S. 825, 834 (2009).

(Parallel citations omitted.)

*Petersen* involved the Jail and set forth due process standards for pretrial detainees. While *Petersen* concluded that some Jail policies in the 1970s violated the due process rights of some pretrial detainees, it does not establish the Defendants' liability as applicable to Tatum's 2010-2011 time

- 15 -

in the Jail or preclude their defenses in the instant case. Therefore, Tatum's motion in limine on this ground is **DENIED**.

## 8. Issue Preclusion re: Imposition of Solitary Confinement Exceeding Ten Days

Tatum wants an order barring the Defendants from presenting any defenses to his claim that they violated his rights by placing him in segregation for periods exceeding ten days, asserting that the Defendants have admitted to violating Wis. Stat. § 302.40. (*See* Pl.'s Mot. in Limine No. 8, ¶ 20.) The Defendants deny that they admitted to violating the statute and contend that Tatum has not cited any case law or other authority indicating that his placement on "4D" status in the Jail was equivalent to "solitary confinement" as used in Wis. Stat. § 302.40, or that the ten-day limitation in that statute applies to multiple rules violations.

Section 302.40 provides "[f]or violating the rules of the jail, an inmate may be kept in solitary confinement, under the care and advice of a physician, but not over 10 days." Tatum has not established that the Defendants have admitted to the statutory violation, nor has he established any other reason to preclude the Defendants from contesting his constitutional claims regarding his 4D status. Therefore, Tatum's motion to preclude any defense to his claims involving the imposition of

- 16 -

solitary confinement is **DENIED**.

### 9. Issue Preclusion re: Calling Witnesses at Rules Violation Hearings

Tatum maintains that Defendants Tricia Carlson and Melissa Elliot have admitted to Clarke's "established custom and policy to deny detainees' right to call witnesses in their defense at dis[ciplinary] hearings." (Pl.s Mot. In Limine No. 9, ¶ 21.) The Defendants contend that these admissions should not be used to conclusively establish that a Sheriff's Office policy deprived Tatum of a procedural due process right. The Defendants, citing *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002), contend that the fact that witnesses generally may not be permitted to appear in the hearing room/location for jail security reasons does not mean that the input of relevant witnesses is not considered—whether at the behest of the inmate accused of a rules violation or on the hearing officer's own initiative—when that witness can offer information that is relevant and necessary The Defendants also reiterate their position that the Court has not permitted Tatum to proceed with official capacity/*Monell* claims.

In response to Tatum's requests for admission, Carlson admitted that it is the Jail's "common practice & policy to disallow inmates accused of rule violations to have any witnesses appear for their defense at

- 17 -

disciplinary hearings, and only the accused inmate is allowed to testify." (Tatum Aff. Ex. 7, Response to Request No. 6.) In response to Tatum's request to admit that she refused to allow Plaintiff to call any of his witnesses to the September 29, 2010, hearing that she presided over, Elliot stated that she had insufficient information to admit or deny whether Tatum made a request for witnesses to appear at the hearing, and she "affirmatively allege[d] that inmates are not allowed to have witnesses testify at disciplinary hearings." (*Id*., Ex. 6, Response to Request No. 21.)

The admissions of Carlson and Elliot do not conclusively establish that a Sheriff's Office policy deprived Tatum of a procedural due process right. However, they have the effect of a stipulation of the parties or an admission in a pleading, rather than an evidentiary admission of a party. *See* Rule 36(b) Advisory Comm. Notes 1970 Amend. The Court will confer with the parties regarding how these admissions should be presented at trial. To that extent, Tatum's motion is **GRANTED** and **DENIED** in all other respects.

## 10.    Issue Preclusion re: Hearings for Minor Infractions

Tatum relies on *Petersen,* 353 F. Supp. at 1157, Clarke's Response to No. 5 of his Rule 36 Request for Admissions, and the Affidavit of Kevin Nyklewicz (Nyklewicz Jan. 21, 2014, Decl., ECF No. 222), in contending

that the Defendants have admitted to violating Wis. Adm. Code DOC § 350.15(2) (2011-12) (since renumbered to Wis. Adm. Code DOC § 350.24). The Defendants assert that Tatum mischaracterizes *Petersen* and DOC § 350.15(2); neither Clarke nor Nyklewicz admit to violating DOC § 350.15(2); and, even if any Defendant had admitted to violating a state law or regulation, their liability for a constitutional violation does not necessarily follow, citing *Thompson v. City of Chi.,* 472 F.3d 444, 454 (7th Cir. 2006).

Tatum asserts that he was entitled to full hearings for minor infractions of jail rules and that the Defendants have admitted to depriving him of this right. However, *Petersen* did not require a full hearing for "slight deprivations" of privileges. 353 F. Supp. at 1166.

Although since renumbered, Wis. Admin. Code DOC § 350.15(2) provided:

> DISCIPLINE FOR A MINOR VIOLATION.
> (a) In this subsection, "minor violation" means a violation of the jail's rules of behavior for which a minor penalty or penalties may be imposed if the accused inmate is found guilty. A minor penalty is a verbal or written reprimand, restriction of privileges for 24 hours or less or placement in punitive segregation for 24 hours or less.
>
> (b) A staff member who observes an inmate committing a minor violation shall inform the

- 19 -

inmate of the rule that he or she has violated, the contemplated penalty and the disciplinary procedures for minor violations under pars. (c) to (g).

*(c) The staff member shall give the inmate an opportunity to make a verbal statement about the alleged violation to the staff member.*

*(d) The staff member may impose a minor penalty if he or she finds that a violation occurred.*

(e) The staff member shall inform his or her supervisor of the incident and the penalty administered as soon as the supervisor is available. The supervisor shall review the incident and penalty administered. If the supervisor concludes that the violation constitutes a major violation, the alleged infraction shall be handled in accordance with sub. (3). If the supervisor finds that no violation has occurred, the inmate shall be notified that the charge has been dismissed.

(f) The inmate may appeal the supervisor's decision. The jail shall have a procedure for an inmate to follow if the inmate wishes to appeal that decision. The inmate shall be notified of his or her right to appeal the supervisor's decision and of the jail's procedure for making the appeal.

(g) Information about the incident, the penalty administered and the supervisor's decision shall be made part of the inmate's file and shall be entered in the jail log. If the supervisor finds that no violation occurred or if the reviewer of an appeal submitted under par. (f) finds that no violation occurred, the records of the incident shall be removed from the inmate's file.

(Emphasis added). DOC § 350.15(2) does not require a full hearing for a

- 20 -

minor violation; rather, it requires that the inmate be informed of the infraction at issue and given an opportunity to make a verbal statement to a staff member.

Clarke admitted that "Level 1 violations do not generally receive hearings." However, Tatum has not established a violation of his due process rights regarding minor infractions. His motion regarding issue preclusion for minor infractions is **DENIED.** Regardless, the Court will confer with the parties regarding how these admissions should be presented to at trial.

## 11. Issue Preclusion re: Religious Beliefs Defense.

Tatum asks the Court to prevent the Defendants from arguing at trial that he "could or should have simply violated his beliefs" and ignored the alleged diet requirements of his religion. (See Pl.'s Mot. in Limine No. 11, ¶ 24, Sept. 21, 2015, ECF No. 305.)

The Defendants state that, although Tatum's concern is not entirely clear to them, they do not intend to defend Tatum's religion claims on the ground that he could have violated his religious beliefs. (Defs.' Resp. 10-11. ECF No. 337.) Therefore, Tatum's motion in limine regarding religious beliefs defense is **GRANTED**.

## The Defendants' Motions in Limine

The Defendants filed 17 motions in limine. The issues are addressed in the sequence they have been raised:

### 1. The Defendants' Internal Affairs Histories, Prior Civil Litigation, and Prior Inmate Complaints

The Defendants seek an order precluding Tatum from presenting evidence, arguments, comments or questions regarding any of the Defendants' internal affairs histories, prior civil litigation, and prior inmate complaints, asserting that (1) such evidence would be irrelevant under Fed. R. Evid. 401; (2) even if relevant, the probative value of such evidence will be substantially outweighed by the danger of unfair prejudice, misleading the jury, and wasting time under Fed. R. Evid. 403; and (3) such evidence is inadmissible character evidence pursuant to Fed. R. Evid. 404(b).

This broad motion (ECF No. 309) is **DENIED** without prejudice. The Court requires context for any such objections to this type of evidence.

### 2. The Defendants' Criminal Charges, Prosecutions, or Convictions

The Defendants seek an order precluding Tatum from introducing evidence, arguments, comments, or questions regarding any of the Defendants' criminal charges, prosecutions, or convictions, contending

- 22 -

that (1) such evidence would be irrelevant under Fed. R. Evid. 401; (2) even if relevant, the probative value of such evidence will be substantially outweighed by the danger of unfair prejudice, misleading the jury, and wasting time under Fed. R. Evid.403; and (3) such evidence is inadmissible character evidence pursuant to Fed. R. Evid. 404(b).

Given the allegations in this case, this nonspecific motion (ECF No. 310) is **DENIED** without prejudice. The Court requires context for any such objections to this type of evidence.

### 3. Clarification of Court's Dispositive Orders, Amend Caption, and Preclude the Introduction of Certain Evidence

The Defendants seek clarification of the Court's dispositive orders, amendment of the case caption, and preclusion of Tatum's introduction of evidence, or any arguments, comments, or questions regarding any claims and Defendants dismissed at the screening stage or summary judgment stage of the proceedings. They contend that (1) such evidence would be irrelevant under Fed. R. Evid. 401 and (2) such evidence would mislead or confuse the jury and waste time under Fed. R. Evid. 403.

On October 13, 2015, the Court issued a Decision and Order (ECF No. 346) addressing the Defendants' letter request (ECF No. 330) for an order identifying the claims and the Defendants that are proceeding to

- 23 -

trial, and removing any dismissed Defendants from the case caption. Tatum is proceeding to trial on the following federal claims: (1) medical care, (2) religion, (3) denial of procedural due process related to the September 29, 2010, February 28 and March 29, 2011 disciplinary hearings, and (4) excessive force. (Oct. 13, 2015, Decision and Order at 7-8.) The Court also explained that Tatum's claims do include *Monell* official capacity claims: his (1) religion and (2) medical care claims, based on the allegation that he lost 40 pounds in 25 days because the Defendants' failure to give him a religious diet was due in part to the Jail's lack of an adequate policy or procedure affording an inmate a religious diet (ECF No. 1 at 18 ¶ 199); (3) his procedural due process claim, whereby he maintains that the Jail has a policy not to allow inmates to have witnesses testify at their due process hearings (ECF No. 240 at 7, 30); and (4) his claim that while the Jail has a policy stating the "RIPP bed" cannot be used as punishment, the Jail punishes inmates customarily with the "RIPP bed" (ECF No. 1 at 10 ¶ 83). (Oct. 13, 2015, Decision and Order at 8-9.) Tatum also proceeds to trial on his Wisconsin state law claims for (1) assault and battery, (2) intentional infliction of emotional distress and (3) negligent infliction of emotional distress. (*Id*. at 8.)

- 24 -

The Court's Decision clearly states that the following eight claims are not in this action:  Any state law medical negligence claims; deliberate indifference to safety/wellbeing or failure to protect claims; conditions of confinement claims; retaliation/retaliatory conspiracy claims; access to courts claims; procedural due process claims other than for disciplinary hearings of September 29, 2010, February 28 and March 29, 2011; substantive due process claims; and state law privacy claims.  (*Id*. at 8.) Although it would be improper for Tatum to present arguments regarding a claim that has been dismissed, the evidence relating to a dismissed claim may be relevant for another purpose.

As a further part of their third motion in limine, the Defendants contend that the following 24 defendants should be dismissed from the case: Patrick Diggins-Davis; Justin Georgeson; Mitchell Gottschalk; Charles Holt; Edward Horzewski; Peter Jaskulski;  Thomas Liebenthal; Timothy Lorch; Denise Luna; Nyklewicz; Leon Woods; Carlson; Gary Coleman; Abie Douglas; Elliott; Fatrena Hale; Michael Leeman; Matthew Leete; Dennis McKnight; DeShawn McKinley; Bret Myers; James Novotny; Calvin Smith; and Tina Watts.  However, short of stipulation by the parties that a defendant be dismissed for lack of personal involvement, this is not the correct juncture to raise this issue.  Therefore, the

- 25 -

Defendants' motion (ECF No. 311) is **GRANTED** to the extent that Tatum may not present arguments regarding dismissed claims, it is **DENIED** with respect to the exclusion of all evidence relating to dismissed claims if that evidence is relevant to extant claims. The request to dismiss 24 Defendants is DENIED.

## 4.     Unknown Defendants

The Defendants want an order precluding Tatum from introducing evidence, arguments, comments or questions regarding all Defendants who remain unidentified after designation as "unknown" in Tatum's Complaint, and amending the caption accordingly. The bases for this motion are that: (1) such evidence would be irrelevant under Fed. R. Evid. 401 and (2) such evidence would mislead or confuse the jury and waste time under Fed. R. Evid. 403. Tatum responds that he has identified the unknown Defendant nurses as Florintino Franco-Sanchez, R.N., Fredrick Porlucas, R.N., Deborah Cales, R.N., Ann Knoll, R.N., Carolyn Exum, R.N., Margie Burton R.N., Elysia Scanning, R.N., and Russell Mewhorter, R.N., (*See* Ex. and Witness List, ECF No. 342) and intends to call the eight nurses as witnesses at trial and have judgment entered against them. (ECF No. 340.)

The Court denied Tatum's motion to add the formerly unknown

- 26 -

nurses as defendants. (Court's July 8, 2015, Decision and Order, 1-2, ECF No. 291.) The case caption has been **AMENDED** to delete the reference to the unknown nurses. Although these nurses are not parties to this action and Tatum must not refer to them as defendants, the Defendants have not established that the testimony elicited from any of them should be excluded. Therefore, the Defendants' motion (ECF No. 312) is **GRANTED** as to amendment of the caption and **DENIED** in all other respects.

**5. Litigation or Settlements Related to the Milwaukee County Office of the Sheriff or Jail**

The Defendants seek an order precluding the admission at trial of evidence by Tatum regarding any litigation or settlements related to the Milwaukee County Office of the Sheriff or the Jail facilities, asserting that (1) such evidence would be irrelevant under Federal Rule of Evidence 401; (2) even if relevant, the probative value of such evidence will be substantially outweighed by the danger of unfair prejudice, misleading the jury, and wasting time under Fed. R. Evid. 403; and (3) that evidence regarding settlements is expressly prohibited, outside of limited circumstances, by Fed. R. Evid. 408(a).

Most likely such evidence is irrelevant under Rule 401 and is more prejudicial than probative under Rule 403. Additionally, mentioning

- 27 -

settlements in other cases to support the validity of Tatum's claims or to impeach a witness by prior inconsistent statement is precluded by Fed. R. Evid. 408(a). Therefore, this motion in limine (ECF No. 313) is **GRANTED**.

## 6. Individual Liability of Defendants Under RLUIPA

The Defendants seek an order barring Tatum from presenting evidence, arguments, comments or questions suggesting that any of the individual defendants are liable to him in their individual capacities pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), relying on *Nelson v. Miller,* 570 F.3d 868, 889 (7th Cir. 2009).

*Nelson* holds that RLUIPA does not allow for damages against officials in their individual capacities. Tatum conceded this point in response to the Defendants' first summary judgment motion. (Pl. Resp. to Defs. Mot. for Summ. J. at 17, Mar. 22, 2013, ECF 176.) Furthermore, contrary to Tatum's contention, Nelson's holding regarding individual capacity liability is not undermined by *Sossamon v. Texas*, 563 U.S. 277 (2011). Therefore, the Defendants' motion to bar evidence or argument regarding Tatum's RLUIPA claims against any of the Defendants in their individual capacities (ECF No. 314) is **GRANTED**.

**7.    Liability Insurance**

The Defendants seek an order precluding Tatum from introducing at trial evidence, or making arguments, comments, or asking questions stating or suggesting that the Defendants are insured regarding the claims at issue and thus may be reimbursed or indemnified for any damages/judgment entered against them.

Federal Rule of Evidence 411 provides that evidence a person was or was not insured is not admissible to prove whether a person acted wrongfully. However, the Court may admit the evidence for another purpose. This motion (ECF No. 315) is **GRANTED** as to the introduction of evidence of insurance as proof that any Defendant acted wrongfully and **DENIED** in all other respects.

**8.    Comments on Witness Truthfulness**

The Defendants request an order prohibiting Tatum from asking any witness to comment on the truthfulness of other witnesses. Tatum does not intend to ask any such questions of a witness.

It is improper to ask a witness to comment on another witness's truthfulness. *United States v. McKee*, 389 F.3d 697, 699 (7th Cir. 2004.) However, this prohibition does not prevent Tatum from arguing about a witness' credibility to the jury, provided that the argument "reflects

- 29 -

reasonable inferences drawn from the evidence presented at trial rather than personal opinion." *See id*. Given *McKee's* prohibition on such questions and Tatum's agreement, this motion (ECF No. 316) is **GRANTED**.

## 9. The Golden Rule

The Defendants move the Court for an order preventing Tatum from making any effort to induce the jury to render a verdict in a manner inconsistent with its role as a neutral fact-finder. It is inappropriate for any party to encourage a jury to put itself in Tatum's shoes; i.e., invoke the "Golden Rule" and, thus, base its decision on self-interest rather than on a neutral assessment of the facts. *See Spray-Rite Serv. Corp. v. Monsanto Corp.,* 684 F.2d 1226, 1246 (7th Cir. 1982). Tatum states he does not plan to use or need any tricks to prevail. Nonetheless, the Defendants' motion (ECF No. 317) is **GRANTED**.

## 10. Expert Testimony and Lay Opinions

The Defendants seek an order preventing Tatum from introducing any expert evidence or testimony and to limit any lay opinions, asserting that Tatum has not disclosed any experts and that he should not be permitted to offer lay testimony regarding matters properly reserved for experts, particularly, with respect to his alleged medical conditions.

- 30 -

The Court denied Tatum's request for additional time to retain an expert or to have the Court appoint one for him. (Court's Sept. 21, 2015, Decision and Order at 2-7, ECF No. 308.) Tatum has not named any experts and is prohibited from introducing any expert evidence or testimony at trial. Furthermore, although Tatum may describe his perceptions and experiences, neither he nor any lay witness may opine regarding medical diagnoses, medical causation, medical tests and procedures, or other technical matters. *See United States v. Conn,* 297 F.3d 548, 554 (7th Cir. 2002) (noting that lay opinion testimony is not permissible regarding "specialized explanations or interpretations that that an untrained layman could not make") (citations omitted). This motion (ECF No. 318) is **GRANTED**.

## 11. Sending a Message

The Defendants seek an order preventing Tatum from asking the fact finder to reach a verdict that will "send a message" to Milwaukee County or any of its subdivisions, including the Sheriff's Office, contending that such an argument would effectively ask the fact finder to consider punitive damages against Milwaukee County or its subdivisions.

As pointed out by the Defendants, neither Milwaukee County nor the Sheriff's Office are parties in this case and, in § 1983 litigation,

punitive damages are not available against a municipality or any of its officers sued in his or her official capacity. *See Minix v. Canarecci,* 597 F.3d 824, 830 (7th Cir. 2010). However, *Minix* does not support the limitation sought by the Defendants. Therefore, the Defendants' motion (ECF No. 319) is **DENIED** without prejudice.

## 12. Code of Silence

The Defendants seek an order preventing Tatum from introducing argument or evidence at trial suggesting that law enforcement or corrections officers/personnel generally abide by a "code of silence" to lie or cover up for each other. They contend such a suggestion is irrelevant under Fed. R. Evid. 401 and 402 as it is not likely to make any fact in the case more or less probable and is highly likely to prejudice and mislead the finder of fact as prohibited by Fed. R. Evid. 403.

A ruling on the motion requires context. This motion (ECF No. 320) is **DENIED** without prejudice.

## 13. Testimony in Narrative Form

The Defendants seek an order prohibiting Tatum from testifying in narrative form. They assert that in the context of Tatum's complex case, which involves numerous defendants and allegations, the presentation of his testimony in narrative form is likely to confuse the finder of fact and

- 32 -

will deprive Defendants' counsel of the opportunity to voice objections in a timely fashion.

It is within the Court's discretion under Fed. R. Evid. 611 to control the mode of examination of witnesses, and the Court may prohibit a pro se plaintiff from testifying in narrative form. *Hutter N. Trust v. Door Cnty. Chamber of Commerce,* 467 F.2d 1075, 1078-79 (7th Cir. 1972) (denial of pro se plaintiff's request to testify in narrative form "was well within the proper exercise of the judge's discretion."). However, since Tatum does not have counsel and cannot question himself, the Defendants' request (ECF No. 321) is not practical and, therefore, is **DENIED**. Although Tatum will be permitted to testify in narrative fashion, he must stop testifying when the Defendants object. He will be allowed to respond to the objection and must await the ruling before continuing to testify.

## 14. Policies, Customs, Hiring Practices, Training Procedures, or Supervision

The Defendants request an order prohibiting Tatum from introducing argument or evidence at trial relating to Milwaukee County or the Sheriff's Office policies, customs, hiring practices, training procedures, or supervision of Defendants, suggesting that Tatum has not been permitted to pursue a claim under *Monell*.

- 33 -

Contrary to the Defendants' contentions, Tatum plead *Monell* liability and was allowed to proceed on that theory. Hiring practices are not an issue in this case.

The Defendants' motion (ECF No. 322) is **GRANTED** with respect to hiring practices and **DENIED** in all other respects.

## 15. Violations of Wisconsin laws, Wisconsin regulations, or Sheriff's Office Policies and Procedures as Constitutional Violations

The Defendants seek an order prohibiting Tatum from offering any testimony, argument or evidence suggesting that alleged violations of Wisconsin laws, Wisconsin regulations, or Sheriff's Office policies and procedures necessitate a finding that Tatum's constitutional rights were violated. They contend that under Fed. R. Evid. 401 such evidence is irrelevant to the question of whether Tatum's constitutional rights were violated as he alleges and that the risk that such evidence will confuse and prejudice the jury outweighs its potential probative value, citing *Thompson,* 472 F.3d at 454 (holding that plaintiff in excessive force Section 1983 claim could not use police department internal regulations to prove a constitutional violation by police officers). Tatum agrees that violation of Wisconsin laws are not per se constitutional violations and suggests a jury instruction to avoid any problems.

- 34 -

As noted in *Maus v. Greening*, No. 09-C-42, 2012 WL 4903326, at *2 (E.D. Wis. Oct. 15, 2012), reversed and remanded on other grounds, 747 F.3d 926 (7th Cir. 2014), *Thompson* was a Fourth Amendment case. However, in the Eighth Amendment context, the Seventh Circuit has held that the knowing violation of prison rules—although not dispositive—is relevant evidence. *Maus*, 2012 WL 4903326, at *2 (citing *Mays v. Springborn,* 575 F.3d 643, 650 (7th Cir. 2009)).

This action does not involve Fourth Amendment claims. The Defendants have not cited case law barring evidence of alleged violations of state laws, state regulations, or Sheriff's Office policies and procedures with respect to medical care claims; religion claims; procedural due process claims; or excessive force claims. Moreover, it is unlikely that a jury will interpret a violation of a Wisconsin law or regulation, or Sheriff's Office policies or procedures to be a per se constitutional violation and an appropriate limiting instruction can eliminate the risk of undue prejudice. Therefore, this motion (ECF No. 323) is **DENIED**.

## 16. Publicized Incidents of Alleged Excessive Force, Violations of Religious Rights, Violations of Dietary Requirements or Other Alleged Wrongdoing

The Defendants request an order prohibiting Tatum from offering any testimony, argument or evidence related to publicized incidents of

- 35 -

alleged excessive force, violations of religious rights, violations of dietary requirements, or other alleged wrongdoing by Milwaukee County, the Sheriff's Office, the Jail, or other Milwaukee County facilities, contending that reference to such matters would confuse and unfairly prejudice the fact finder in violation of Fed. R. Evid. 403. They maintain that the parties' presentation to the fact finder should be limited to facts relevant to the case at bar.

While this case is about the Defendants' alleged violations of Tatum's constitutional rights regarding medical care; religion; procedural due process related to disciplinary hearings; and excessive force, he also has official capacity claims against the Defendants. Therefore, such evidence may be relevant under Rule 401. Determining whether evidence of publicized incidents of alleged excessive force, violations of religious rights, violations of dietary requirements, or other alleged wrongdoing should be excluded under Rule 403, must be considered in context. Therefore, this motion (ECF No. 324) is **DENIED** without prejudice.

## 17. Internal Investigations

The Defendants want to prohibit Tatum from offering any testimony, argument or evidence of internal investigations by Milwaukee County/the Sheriff's Office/the Jail to suggest wrongdoing by the

- 36 -

Defendants. They contend that Tatum should not ask the fact finder to infer that the fact of an investigation makes it any more likely that the Defendants acted improperly.

It is common practice for law enforcement agencies and corrections facilities to gather information about a variety of incidents, including uses of force. An investigation does not mean that there was improper conduct by an officer or agent of the investigating agency; it merely means that the agency felt it appropriate to review the matter. However, that does not mean that Tatum should not be allowed to offer any evidence of an internal investigation. Furthermore, standard jury instructions involve instructing the jury that arguments are not evidence. At this juncture, the Defendants' motion (ECF No. 325) is **DENIED**.

### The Defendants' Motion to Strike

The Defendants also filed a motion (ECF No. 354) to strike exhibits referenced in Tatum's exhibit list, asserting that the list does not comply with the requirements of the Court's April 14, 2015, Scheduling Order (ECF No. 267), include exhibit numbers as required by Gen. L.R. 26, or sufficiently identify the nature of each exhibit.

The Court is aware that the list needs further refinement. As Tatum introduces exhibits at trial, the Court's deputy clerk will mark his

- 37 -

exhibits and create a new exhibit list. The parties should also keep track of Tatum's exhibits. The deputy clerk's ongoing list will be available for the parties upon request. Based on the foregoing, the Defendants' motion to strike exhibits referenced in Tatum's exhibit list (ECF No. 354) is **DENIED.**

## Tatum's Motion for Sanctions

Also pending is Tatum's October 14, 2015, motion for sanctions (ECF No. 360) seeking default or the striking of defenses because the Defendants failed to comply with the Court's Order (ECF No. 267) requiring that the parties file their pretrial reports on or before October 9. The Defendants filed their pretrial report and related documents on October 13 (ECF Nos. 347-53); their witness list was filed on October 14 (ECF No. 356).

Civil L.R. 16(c) provides that when a final pretrial conference is scheduled, pretrial reports are due seven days before that date. However, in this case the Court set a specific October 9 deadline for filing of pretrial reports.

Chambers staff have informed the Court that the Defendants called and asked whether the final pretrial report deadline was extended because the Court had rescheduled the final pretrial conference. They were

- 38 -

advised that they could have additional time.

The Defendants should have filed an expedited non-dispositive motion to file their pretrial submissions. Because no request had been filed, Tatum was not advised of the request or its granting. Under these circumstances, Tatum's motion for sanctions (ECF No. 360) must be **DENIED**.

## Other Matters

By an October 14, 2015, Decision and Order (ECF No. 357), the Court found that Tatum had not made a particularized showing in order to obtain the attendance of witnesses by means of Court-facilitated service and gave Tatum an opportunity to supplement his request, and for the Defendants to respond. Tatum filed supplements to his motion (ECF Nos. 362, 363, 363-1) adding a request for issuance of a subpoena for the testimony of Amiee Bailey, who recorded several of his weights in his medical file, and states that "she is thereby in add. to being RN relevant to med. claims + religious diet claims, and likely punitive damages." (ECF No. 362.) The Defendants filed a response contending that Tatum has not complied with the Order, and requesting that his motion be denied (ECF No. 364); nonetheless, they indicate that Clarke will be available to testify at trial.

- 39 -

Having considered the arguments of the parties at the final pretrial conferences as well as Tatum's statement in his supplement that he did not have sufficient time to comply with the Court's October 14 Order, and for the following additional reasons, Tatum's request for an adjournment of the trial date (ECF No. 366) is **GRANTED**. As the numerous foregoing motions in limine suggest, and as the final pre-trial conference showed, there were significant loose ends that needed to be addressed.

The Court has already given Tatum additional time to conform to the Court's order in regard to witnesses. In addition, Tatum made allegations that prison staff was hindering his efforts in this regard as well as in others. The Court obviously draws no conclusion as to these allegations, but does recognize the need for Tatum to have more time in preparing his case.

Accordingly, the Court will grant the adjournment request and conduct a telephonic scheduling conference on November 6, 2015 at 1:00 p.m. (Central Time) to set a new trial date. The Court will initiate the call. This will also allow the Defendants to better accommodate their out-of-state witnesses and also allow further discussion between the parties as to the order in which witnesses will be called (*see* Defendants' letter to Tatum [cc the Court] dated October 22, 2015), and clarification of Tatum's exhibit

- 40 -

list, etc.

Additionally pursuant to Tatum's request, Defendant John D. Kraklow is **DISMISSED** from this action.

**SO ORDERED** at Milwaukee, Wisconsin, this 22nd day of October, 2015.

BY THE COURT:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**