# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

    Plaintiff,

-vs-                                        Case No. 11-CV-1131

**DAVID A. CLARKE, et al.,**

    Defendants.

## DECISION AND ORDER

The plaintiff has filed a motion for reinstatement of his access to the courts claim pursuant to Federal Rule of Civil Procedure 54(b). He states that his "appointed attorney was unwilling to even zealously and competently advocate his interests in the assigned criminal case, and outright refused to assist him in the stated matters, comprising his stated access to courts claim." (Docket 338.) According to the plaintiff, the Court erred in dismissing his access to courts claim, under *Casteel v. Pieschek*, 3 F.3d 1050, 1054 n.4 (7th Cir. 1993) ("The provision of criminal defense counsel, unable or unwilling to assist inmates with a habeas corpus petition or a civil rights complaint, is inadequate under *Bounds*, 430 U.S. at 822–29, 97 S.Ct. at 1495–98, and we believe that a reasonable jail official would know that providing legal assistance limited to criminal defense was inadequate to protect an inmate's right of meaningful access to

courts.").

The defendants oppose the plaintiff's motion. They point out that the plaintiff has not established that he was prevented from litigating a non-frivolous claim. In his reply, the plaintiff asserts that his complaint and his summary judgment affidavit state injuries he suffered as a result of the denial of access to the court.

The Court's September 5, 2013, summary judgment order states in relevant part:

> The plaintiff sets forth four access to the courts violations: (1) he was prevented from filing an interlocutory appeal in his criminal case because his August 12, 2010 law library requests to defendants Davis and Carlson went unanswered; (2) Sergenat Liebenthal prevented him from reaching Attorney Ericksen to discuss trial strategy, based on the Jail's faulty telephone system; (3) Officer McKnight confiscated the plaintiff's legal book on self-representation which led to the trial court denying his request to proceed *pro se* in his criminal case; and (4) Detectives Lorch and Gottschalk filed false reports regarding the October 21, 2010 excessive force incident which hindered the plaintiff's non-frivolous criminal battery charges against the officers.
>
> To state a denial-of-access claim, the plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions[.]" *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); accord *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires him to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v.*

> *Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).
>
> As an initial matter, the plaintiff had legal counsel during his criminal trial and direct appeal, except for an eleven-day period (August 12 through August 23, 2010) between when the trial court granted Attorney Goldberg's motion to withdraw and when Attorney Wasserman appeared as counsel, and another eleven-day period (October 25 through November 5, 2010) between when the court granted Attorney Wasserman's motion to withdraw and when Attorney Erickson appeared on behalf of the plaintiff. Access to legal materials is required only for unrepresented litigants. *See Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007) (citing *Bounds v. Smith*, 430 U.S. 817, 830-32 (1977)). The plaintiff has not presented evidence that he was prevented from litigating a non-frivolous claim during the brief durations that he was unrepresented.
>
> In addition, with regard to the plaintiff's claim that he was unable to call his attorney on March 22, 2011, the evidence establishes that his attorney's number was programmed into the system despite the plaintiff's assertions to the contrary. Finally, the plaintiff's contention that he was prevented from filing a criminal case against officers based on their use of excessive force against him is misplaced because, as a private citizen, he may not initiate criminal charges. *See* Wis. Stat. 968.02 (West); *Kalal v. Circuit Court for Dane Cnty.*, 681 N.W.2d 110, 114 (Wis. 2004).
>
> A reasonable fact-finder could not conclude that the plaintiff was denied access to the courts. Therefore, the defendants' motion for summary judgment as to the plaintiff's access to the courts claims will be granted.

(Docket No. 192 at 16-18.)

The Court has considered the plaintiff's access to the courts claim. The plaintiff has not shown that he suffered an actual injury. In addition,

- 3 -

the plaintiff has not shown that the Court erred in granting the defendants' motion for summary judgment as to this claim. Accordingly, the plaintiff's motion to reinstate the claim will be denied.

### ORDER

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration and reinstatement of his access to courts claim (ECF No. 388) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**