# *LAW OFFICES OF SCOTT A. WALES, LLC*

*Attorney Scott A. Wales\**

*839 North Jefferson Street*
*Suite 300*
*Milwaukee, Wisconsin  53202*

*\* Licensed to practice law*
  *Wisconsin and Illinois*

*Office: (414) 271.7670*
*Cellular: (414) 659.2666*
*Facsimile: (414) 276.5533*
*Email: swaleslaw@gmail.com*

July 11, 2016

Hon. Magistrate Judge David E. Jones
United States District Court
E.D. Wisconsin of Wisconsin
United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI  53202

**RE:** ***Robert l. Tatum vs. David A. Clarke, Jr., et. Al.***
         **E.D. Wisconsin Case Number 2011-CV-1131**

Dear Magistrate Judge Jones:

Please accept this correspondence as my response to the letter dated June 27, 2016, from Ms. Linda M. Zik, Courtroom Deputy Clerk to the Hon. Rudolph T. Randa.  As that letter states, Judge Randa has informed the parties and now this court of his unavailability to conduct the jury trial in this case (i.e. which was on the docket for May of this year but is not currently scheduled) and in doing so has since reassigned this case to your Honor's attention.

The purpose of my letter is to request permission from your Honor to withdraw as stand-by counsel for Mr. Tatum.  The basis for this request is *several-fold* and in *no particular order* the reasons are stated-below and are as the follows:

> (1.)     That coincidentally, the timing of this request to withdraw here would have been presented to Judge Randa sometime this month as well had there not been his court's letter of June 27th and is not meant as any disrespect to Mr. Tatum, counsel for the defendants, your Honor or Judge Randa.  That said and to be clear, I simply can no longer continue to be a part of this case where there will eventually be a one to two week trial; and, in doing so I would be involved as pro bono attorney tangentially participating (but) only in a stand-by capacity without any possibility of compensation for the enormous sacrifice of

Hon. Magistrate Judge David E. Jones
United States District Court
E.D. Wisconsin of Wisconsin
United States Courthouse
July 11, 2016
Page 2

time and resources to sit in an idle position while the trial proceeds in this case, regardless of the outcome.

(2.)    That the basis for my earlier decision in 2015 to accept the pro bono appointment was my desire to assist Judge Randa (i.e. who I have represented numerous clients before in his capacity as both a Federal Judge and when he was a Milwaukee County Circuit Judge and have developed over the years a tremendous admiration for as well). In accepting the appointment last year and as the current circumstances now present, I anticipated in 2015 that the case would have concluded by now, however, but for the presumed personal circumstances that his Honor is addressing, for which I wish him success, I can no longer continue in my capacity as a pro bono stand-by attorney in this case.

(3.)    Furthermore, as a sole-practitioner with no support staff, I truly cannot afford to sacrifice one to weeks for a trial either later this year or sometime in 2017, that will be to the detriment of my clients who have retained me already along with those who may hire me but will be unable to do so over the one to two weeks of trial time that the case is expected to take, such that I will significantly affect my ability to sustain my livelihood. Moreover, any downtime for the remainder of this year that I hope to schedule is directed to my wife and children.

(4.)    Moving forward, an additional reason for seeking leave of the court to withdraw is that either this month or in August, I intend to formerly file my Declaration of Candidacy with the State of Wisconsin for Milwaukee County Circuit Court-Branch 47, which will require the devotion of all necessary (and required) resources, especially setting aside time itself, to officially campaign for that office (i.e. which I have unofficially been doing since May 2016). The election for that office is in April 2017, and leading up to that moment campaigning for public office will have both a profound and significant impact on my available hours to run a law office, maintain a campaign, and still have time directed to my family.

(5.)    Shifting gears and respectfully and as it concerns the case itself, my opinion of Mr. Tatum is that he is more than capable of representing himself at trial. I base this declaration on both the few conversations I have shared with him over the past year but more importantly on his work product which he has demonstrated as a pro se litigant. In other words, I believe that Robert Tatum is capable of representing himself at trial, pro se, and that he looks forward to that opportunity and responsibility notwithstanding the outcome.

Hon. Magistrate Judge David E. Jones
United States District Court
E.D. Wisconsin of Wisconsin
United States Courthouse
July 11, 2016
Page 3


I am appreciative of the court's consideration of my request to withdraw which is based upon all of the supporting information provided herein.

Very truly,

**LAW OFFICES OF SCOTT A. WALES, LLC**



/s/
Scott A. Wales
SAW/wrd.2010

Cc:    Counsel for the Defendants (*via* ECF Filing)
       Mr. Robert L. Tatum (*via* U.S. Mail)