## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

    **Plaintiff,**

  v.                                    Case No. 11-CV-1131

**DAVID A. CLARKE, JR.,**

    **Defendants.**

### ORDER

On June 27, 2016, due to the unavailability of Judge Randa, this case was reassigned to Magistrate Judge Jones for all pretrial matters. Defendants did not consent to magistrate judge jurisdiction. The case has been assigned to Judge Adelman for final disposition. This matter is before me for resolution of plaintiff's motions for reconsideration. (ECF Nos. 394, 404.)

Plaintiff has filed a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of Judge Randa's May 5, 2016, order denying reinstatement of his access to the courts claim. The Court has reviewed Judge Randa's September 5, 2013, order dismissing Mr. Tatum's access to the courts claim at summary judgment, and Judge Randa's May 5, 2016, order denying Mr. Tatum's motion for reconsideration. Mr. Tatum has not shown that the court committed a manifest error of law in dismissing his access to the courts claim.

Plaintiff has also filed a motion for "amendment (clarification) and/or reconsideration" of Magistrate Judge Jones's July 14, 2016, order denying his motion to

stay proceedings. In that order, Magistrate Judge Jones denied plaintiff's motion to stay proceedings. Plaintiff's motion was based on his concern that ongoing litigation related to Judge Randa's refusal to recuse himself in this case will be prejudiced unless this case is stayed. In his motion for reconsideration, plaintiff contends that Judge Jones misunderstood his position. According to plaintiff, his position is that "denial of stay to preserve that status quo (i.e., Randa's jurisdiction) would moot the merits (at least partially) of the underlying U.S. Supreme Court petition which is the subject of the *Fossum* case & appeal (that petition regarding Randa's actions in this present case)." (ECF No. 409.)

It appears that plaintiff wants to stay these proceedings so that Judge Randa will retain jurisdiction of this case until plaintiff's *Fossum* case is resolved. However, this case is no longer referred to Judge Randa. Thus, as explained by Magistrate Judge Jones, plaintiff's motion is moot. I will therefore deny plaintiff's motion for reconsideration.

Lastly, plaintiff filed a motion for his July 29, 2016, hearing before Magistrate Jones to be audio-recorded. (ECF No. 405.) That hearing was audio-recorded. Plaintiff also requests that any future court proceedings be audio-recorded instead of having a court reporter record and transcribe the proceedings. Plaintiff is concerned a court reporter may misrepresent his statements. Plaintiff is advised that Judge Adelman will address the issue of recording court proceedings during the next court proceeding. Based on the foregoing, I will deny as moot plaintiff's motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration (ECF No. 394) is **DENIED**.

2

**IT IS FURTHER ORDERED** that plaintiff's motion for amendment (clarification) or reconsideration (ECF No. 404) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for July 29, 2016, hearing, trial, and further proceedings to be audio recorded (ECF No. 405) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2016.

**BY THE COURT:**

s/ Lynn Adelman

_____
LYNN ADELMAN
United States District Judge