UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,
    Plaintiff,

v.                                                                        Case No. 11-C-1131

DAVID A. CLARKE, JR., et al.,
    Defendants.

## ORDER

On May 23, 2018, a telephone status conference was held to discuss further proceedings in this case. At this conference, the court remarked that the judge to whom this case was previously assigned left it in an undesirable state. The defendants proposed to file a motion through which the court could better identify the claims that required a trial and dismiss those claims on which no genuine dispute of fact remained. The court agreed with the defendants' approach and set the following schedule: (1) defendants' motion due in 60 days, (2) plaintiff's response due within 45 days of the date the motion is filed, and (3) defendants' reply due 15 days later. The defendants filed their motion on July 23, 2018 in the form of a motion for reconsideration of some of the court's prior decisions.

On June 11, 2018, the plaintiff filed a motion to appoint "standby counsel" to help him respond to the defendants' motion. He states that prison officials confiscated his legal materials, which made it difficult for him to litigate this case. According to the plaintiff, on June 7, 2018, he received his legal property after being transferred to DOC custody on May 17, 2018. He discovered that DOC staff sent all of his books, including his legal books, back to the Racine County Jail.

The plaintiff does not identify the legal books he needs in order to respond to the defendants' motion. But he does state that he now has his "legal property." Also, he is housed at an institution that has a law library. It thus appears that the plaintiff is now able to respond to the defendants' motion on his own, and therefore I will deny his request for standby counsel.

On July 23, 2018, along with their motion for reconsideration, the defendants filed a motion for leave to file an oversized brief in support of their motion. In light of the large number of defendants and claims in this case, I will grant this motion.

On July 31, 2018, the plaintiff filed a declaration indicating that he had not been served with the defendants' motion, a motion to strike the defendants' motion, and a motion to set the case for trial. The plaintiff states that, as of July 29, 2018, he had not received the defendants' motion, which was to be filed by July 24, 2018. He also states that in the event that he does receive the motion, it should be stricken. Plaintiff requests a status conference to set this matter for trial.

As stated above, and as discussed at the telephone status conference, the court has permitted the defendants to file a motion addressing the remaining claims and whether they should be allowed to proceed to trial. Therefore, the court will deny the plaintiff's motion to strike the motion for reconsideration. Also, the court will deny the plaintiff's motion to set the case for trial. A trial scheduling order will be entered after the court decides the motion for reconsideration, assuming that at least one claim survives the motion.

The court also finds that the plaintiff was properly served with the defendants' motion for reconsideration and supporting papers. The defendants' certificate of service

states that they mailed a copy of the motion and supporting materials to the plaintiff at Dodge Correctional Institution, which was the plaintiff's last known address at the time of service, *i.e.*, on July 23, 2018. *See* ECF No. 432. The defendants' service was complete upon mailing. *See* Fed. R. Civ. P. (b)(2)(C). However, although they were not required to do so, the defendants also sent the plaintiff a second copy of the motion on July 31, 2018. Then, on August 1, 2018, after receiving notice that the plaintiff was housed at the Green Bay Correctional Institution, the defendants mailed him a third copy of the motion and supporting materials at that location. Accordingly, I find that the plaintiff has received proper service.

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to appoint standby counsel (ECF No. 434) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file an oversized brief (ECF No. 435) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion strike and to set this case for trial (ECF No. 445) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2018.

                                            **s/ Lynn Adelman**
                                            LYNN ADELMAN
                                            District Judge