# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**
        **Plaintiff,**

    v.                                                  Case No. 11-C-1131

**EARNELL R. LUCAS, et al.,**
        **Defendants.**

## DECISION AND ORDER

Robert L. Tatum, proceeding *pro se*, commenced this action in 2011, alleging claims under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and state law. On February 15, 2019, I entered an order deciding several matters. First, I found that the complaint alleged many unrelated claims against different defendants that were not properly joined in a single suit under Federal Rule of Civil Procedure 20. Second, I clarified and identified the claims that remained in the suit at the time the case was transferred to me from Judge Randa. Third, I analyzed the remaining claims under Federal Rule of Civil Procedure 56 and granted summary judgment to certain defendants on certain claims. I found that four of the plaintiffs' claims survived summary judgment. However, I noted that these four claims were not properly joined under Rule 20 and that, for them to proceed, they would have to be severed into separate suits. I gave the plaintiff an opportunity to choose which of the four claims would proceed under the case number for this suit and which claims would proceed as new actions. Finally, I denied the plaintiff's motion for sanctions.

After I entered the order, the plaintiff filed a motion for reconsideration, which I address in this order. I also address the plaintiff's failure to choose which of his remaining four claims he would like to prosecute under the case number for this suit.

The plaintiff's motion for reconsideration raises nine issues. First, he contends that I ignored reconsideration standards. However, "a district court has the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Cameo Convalescent Center, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986). None of the matters that I reconsidered in my order of February 15 had been taken to judgment or determined on appeal. Thus, for the reasons expressed in the order—namely, the condition of the record at the time I inherited the case and the confusion over which claims had survived summary judgment when the case was pending before Judge Randa—I exercised my discretion to reconsider various matters. No rule of law of which I am aware prevented me from doing so.

Second, the plaintiff asks that I reconsider my conclusion that his claims were not properly joined under Rule 20. The plaintiff contends that my conclusion is inconsistent with 28 U.S.C. § 1367(a), which grants district courts supplemental subject-matter jurisdiction over certain claims that would not otherwise be within the court's original subject-matter jurisdiction. But I did not dismiss the plaintiff's claim for lack of subject-matter jurisdiction, and § 1367(a) has nothing to do with whether the plaintiff's claims were properly joined under Rule 20.

Third, the plaintiff contends that I overlooked his contention that the defendants could not rely on the declarations of Thomas James Gable, D.O. (ECF No. 221), and Kevin Nyklewicz (ECF Nos. 222–227). The plaintiff contends that the defendants could

2

not submit evidence from these witnesses because they are expert witnesses whom the defendants did not properly disclose under Federal Rule of Civil Procedure 26(a)(2)(B). Although it is true that I did not discuss this issue, I did not have to do so, for I did not rely on expert testimony submitted by these witnesses in deciding the matters addressed in my February order. I did not rely on Gable's declaration to any extent, and I relied on Nyklewicz's declaration only to the extent that it authenticated certain disciplinary records. That part of the declaration was not expert testimony, and therefore the defendants were allowed to use it even if they did not properly disclose Nyklewicz as an expert witness. Thus, the issue of whether the defendants properly disclosed these witnesses was moot.

Fourth, the plaintiff contends that the way I decided the matters addressed in the February order shows that I am biased against him. However, the remedy for a claim of judicial bias is the judge's recusal from the case, not the biased judge's reconsideration of the matters already decided. Moreover, I do not see grounds for recusing myself from the case. Although the plaintiff clearly disagrees with my approach to his case, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Fifth, the plaintiff contends that I "disregarded" the standard for granting summary judgment in my analysis of his claims. However, I cited the proper standards in my opinion, *see* February 2019 Order at 14, and I believe that my analysis of the plaintiffs' claims involved a proper application of those standards. I will stand on the reasoning I provided in my February order.

Sixth, the plaintiff contends that he should be allowed to proceed in forma pauperis on any claims that are severed from this suit and made part of a distinct new suit despite his having incurred three "strikes" under 28 U.S.C. § 1915(g). This issue is premature. The separate lawsuits have not yet been created, and the plaintiff has not yet requested leave to proceed in forma pauperis. When the plaintiff requests such leave, the issue of whether he is subject to § 1915(g) can be addressed.

Seventh, the plaintiff contends that David A. Clarke, Jr., the former Sheriff of Milwaukee County, must remain in the case. However, the plaintiff brought claims against Clarke in his official capacity only, and therefore when he left office his successor was automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d). Accordingly, Clarke was properly dismissed as a party.

Eighth, the plaintiff contends that I abused my discretion in denying his motion for sanctions against the defendants without making detailed findings and explaining my rationale. However, I stated my finding that the defendants did not engage in sanctionable conduct, and that was enough to end the matter. Sanctions motions like the plaintiff's, which contend that the opposing party made frivolous arguments, often turn on the judge's subjective assessment of the strength of the arguments. If the judge finds that the defendants made frivolous arguments, then the judge should explain the basis for that finding by citing cases showing that the defendants' position lacked reasonable support. But when the judge concludes that the arguments were not frivolous, little is served by writing a lengthy opinion.

Ninth, the plaintiff contends that I should have granted him summary judgment on three of his surviving claims even though he did not file his own motion for summary

4

judgment. It is true that Federal Rule of Civil Procedure 56(f)(1) allows a district court to grant summary judgment to a nonmovant. However, the rule does not state that a district court *must* grant summary judgment to a nonmovant. Moreover, to the extent the plaintiff may be entitled to summary judgment on discrete claims and issues, this may be explored during further proceedings after the remaining claims are severed into their respective suits.

For these reasons, the plaintiff's motion for reconsideration will be denied. The remaining matter is to implement the severance of the plaintiff's surviving claims. In my February order, I granted the plaintiff time to identify which of his four claims he wished to pursue under the case number for this action and which of those claims he wished to pursue in severed actions. In response to my order, the plaintiff filed a letter in which he states that he explained how he wants to proceed in his motion for reconsideration. *See* ECF No. 465. However, as far as I can tell, the motion for reconsideration does not identify which claim he wants to pursue under the present case number and which, if any, of his claims he will pursue if they are severed into different actions. The plaintiff refers me to footnote 2 on page 14 of the motion, but there is no such footnote.

In any event, to facilitate the resolution of the plaintiffs' remaining claims, I will proceed with the severance. Under Case No. 11-C-1131, the plaintiff may proceed with his claim that his right to procedural due process was denied when the defendants refused to allow him to call witnesses during disciplinary hearings held on September 29, 2010, February 23, 2011, and March 29, 2011. The defendants to this claim are Sheriff Earnell Lucas in his official capacity, and Tricia Carlson and Melissa Elliott in their individual capacities.

I will direct the Clerk of Court to open three new cases and to docket the plaintiff's complaint (ECF No. 1), my order of February 15, 2019 (ECF No. 462), and this order in each case. The first new case will involve the plaintiff's claim that Thomas Trettin improperly placed the plaintiff in a restraint bed on February 18, 2011. Trettin will be the only defendant in that case. The second new case will involve the plaintiff's claim that Decorie Smith and Deshawn McKinley intentionally restrained him in a urine-soaked restraint belt. Smith and McKinley will be the only defendants in that case. The third new case will involve the plaintiffs' claim that he was subjected to excessive force during the elevator incident that occurred on October 21, 2010. The only defendants to that case will be Sean Henderson, Michael Leeman, Fatrena Hale, and Sarah Wronski.

After opening the three new cases, the Clerk of Court shall direct the plaintiff to either pay the filing fee or request leave to proceed in forma pauperis under 28 U.S.C. § 1915. If the plaintiff either pays the fee or is granted leave to proceed in forma pauperis in the new cases, I will set a status conference in each case for the purpose of scheduling further proceedings. In the meantime, I will set a status conference in Case No. 11-C-1131 for the purpose of scheduling further proceedings on the denial-of-witnesses claim.

Accordingly, **IT IS ORDERED** that the plaintiff's motion for reconsideration (ECF No. 464) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 21, the following claims are **SEVERED** from this action: (1) the plaintiff's claim that Thomas Trettin improperly placed him in a restraint bed on February 18, 2011; (2) the plaintiff's claim that Decorie Smith and Deshawn McKinley intentionally restrained him in a urine-

6

soaked restraint belt; and (3) the plaintiffs' claim that Sean Henderson, Michael Leeman, Fatrena Hale, and Sarah Wronski subjected him to excessive force during the elevator incident that occurred on October 21, 2010. The Clerk of Court shall open a new case number for each of these three claims and direct the plaintiff to either pay the filing fee or request leave to proceed in forma pauperis in each new case.

Finally, **IT IS ORDERED** that a telephonic status conference will be held in Case No. 11-C-1131 on **November 25, 2019 at 1:30 p.m.** for the purpose of scheduling further proceedings on the plaintiff's claim involving the denial of witnesses at disciplinary hearings. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2019.

s/Lynn Adelman
LYNN ADELMAN
District Judge