UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,
      Plaintiff,

v.                     Case No. 11-C-1131

EARNELL R. LUCAS, TRICIA CARLSON, and
MELISSA ELLIOTT,
      Defendants.

## DECISION AND ORDER

Robert Tatum, the pro se plaintiff, is proceeding to trial on his claim that he was unconstitutionally precluded from calling witnesses in his defense during three disciplinary hearings that occurred while he was an inmate at the Milwaukee County Jail. This order addresses the parties' recent motions.

**A.    Plaintiff's Motion in Limine Regarding Rule 36 Admissions**

In his final pretrial report, the plaintiff asked that I "prevent [the defendants] from advancing at trial any positions contrary to earlier made Rule 36 admissions." ECF No. 483 at 2. Related to this request, the plaintiff asks that I "establish at the outset of trial" that defendants Tricia Carlson and Melissa Elliott have admitted that the jail had a policy of precluding inmates from calling witnesses at disciplinary hearings and that, under this policy, only the accused inmate could testify. *Id.* I treat the plaintiff's request as a motion in limine.

To evaluate the plaintiff's motion, it is necessary to understand the nature of his claim, which is actually three separate (but related) claims. The first two claims are personal-capacity claims against the two hearing officers who presided over the plaintiff's

disciplinary hearings and who allegedly precluded him from presenting witnesses. To succeed on each of these two personal-capacity claims, the plaintiff must prove the following elements: (1) the hearing officer prevented the plaintiff from calling a witness whose testimony was relevant and not repetitive or unnecessary, *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); (2) allowing the plaintiff to call the witness would not have been "unduly hazardous to institutional safety or correctional goals," *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); and (3) as a result of the disciplinary hearing, the plaintiff was deprived of a liberty interest, *see Piggie*, 344 F.3d at 677. If the plaintiff proves these elements, but the defendants prove that he would have been found guilty of the disciplinary charges even if he had been allowed to call the requested witnesses, then the plaintiff will not be able to recover compensatory damages. *See Carey v. Piphus*, 435 U.S. 247, 260 (1978) (agreeing that claimant may not recover compensatory damages for denial of due process if outcome would have been the same had a proper hearing been held). If the defendants show this, then the plaintiff will be limited to recovering nominal damages (i.e., $1.00). *Id.* at 266–67.

The plaintiff's third claim is an official-capacity claim against the Sheriff of Milwaukee County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To succeed on this claim, the plaintiff must demonstrate not only that he was unconstitutionally deprived of witnesses at his disciplinary hearings, but also that the denials occurred pursuant to the Sheriff's policy or custom. *See id.* at 694. Again, if the plaintiff proves all of this, but the Sheriff proves that the outcome of the hearings would have been the same even if the plaintiff had been allowed to call witnesses, then the

plaintiff will not be able to recover compensatory damages but will be limited to nominal damages.

The subject of the plaintiff's motion in limine is Elliott and Carlson's responses to his requests for admission under Federal Rule of Civil Procedure 36. *See* ECF No. 305-1 at pp. 24–40. In his requests, the plaintiff asked Carlson to admit that "it is [the Milwaukee County Jail's] common practice and policy to disallow inmates accused of rule violations to have any witnesses appear for their defense at disciplinary hearings, and only the accused is allowed to testify." ECF No. 305-1 at 32. Carlson admitted this request. *Id.* The plaintiff also asked Elliott to admit that she "refused to allow Plaintiff to call any of his witnesses without stating a reason for the denial." *Id.* at 24. Elliott did not admit this request, but in her response she "affirmatively allege[d]" that "inmates are not allowed to have witnesses testify at disciplinary hearings." *Id.*

The plaintiff now contends that, as a result of Elliott's and Carlson's admissions, it is conclusively established that the jail had a custom of disallowing witnesses at disciplinary hearings. It is true that a matter admitted under Rule 36 is conclusively established unless the court permits the admission to be withdrawn or amended. *See* Fed. R. Civ. P. 36(b). Neither Elliott nor Carlson has moved to withdraw or amend her admission. Thus, for purposes of the plaintiff's personal-capacity claims against Elliott and Carlson, the court must assume that the jail had a policy of disallowing witnesses. However, Elliott and Carlson could be personally liable to the plaintiff even if the jail did not have a policy of disallowing witnesses. The plaintiff must prove the existence of a jail policy only in connection with his *Monell* claim against the Sheriff in his official capacity. But neither the current sheriff (Earnell Lucas) nor the sheriff at the time of the events

3

giving rise to this suit (David Clarke, Jr.) has admitted that the jail had a policy of disallowing witnesses. Moreover, an admission is binding only against the admitting party. *See Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566–67 (11th Cir. 1987). Thus, even though Elliott and Carlson have admitted that a policy existed, the Sheriff remains free to dispute this issue and introduce his own evidence in support of his claim that no policy existed. Such evidence could include eliciting testimony from Elliott and Carlson that no policy existed.

In short, while Elliott and Carlson are bound by their admissions, the Sheriff is not. Thus, the Sheriff is not precluded from offering testimony that contradicts Elliott's and Carlson's admissions. Accordingly, the plaintiff's motion to preclude the defendants from introducing evidence contrary to the admissions will be denied.

**B.     Defendants' Motion in Limine to Exclude Dwayne Thomas, Germell Lindsay, Michael Collins, and David Clarke, Jr., as Witnesses**

The defendants seek to prevent the plaintiff from calling as witnesses David Clark, Jr., Dwayne Thomas, Germell Lindsay, and Michael (or Maurice) Collins. Primarily, the defendants contend that these men would not offer relevant testimony, and that therefore their testimony would be inadmissible under Federal Rule of Evidence 401. However, at this point, I cannot find that these witnesses would not offer relevant testimony. As for David Clarke, Jr.—the sheriff of Milwaukee County at the time the plaintiff was in custody there—he may have relevant testimony about whether the jail maintained a policy or practice of disallowing witnesses at disciplinary hearings. So long as the Sheriff denies that an official policy existed, Clarke's testimony would be relevant.

The other three witnesses were inmates at the jail at the time the plaintiff was also an inmate. The plaintiff believes that these witnesses will be able to testify about the jail's

4

policy of disallowing witnesses at disciplinary hearings and about the conditions in the disciplinary housing unit. Testimony on the first issue is of course relevant to the *Monell* claim, and testimony on the second issue could be relevant to damages. The defendants note that the plaintiff has not shown that any of these men were subject to disciplinary charges or that they were ever housed in the disciplinary unit. The defendants are correct on this point. However, this is not grounds for excluding the plaintiff from calling these witnesses. It is at least reasonable to think that an inmate at the jail will have personal knowledge about the jail's policies and about conditions in the disciplinary housing unit. Thus, I see no basis to preclude the plaintiff from calling these witnesses. Of course, if at trial the plaintiff is unable to lay a foundation for their testimony by showing that they have personal knowledge of either the jail's alleged no-witness policy or the conditions in disciplinary housing, then I will sustain a relevance objection. But for now, the defendants' motion in limine will be denied.

I note that there is the separate matter of the logistics of producing these witnesses at trial. The three former jail inmates might be in custody somewhere, and if they are, the court will need to issue writs of habeas corpus ad testificandum to secure their attendance at trial. Because the court does not wish to waste resources producing witnesses who will not offer relevant, admissible testimony, the court will not issue writs for incarcerated witnesses unless the plaintiff shows that each witness has personal knowledge of either the alleged no-witness policy or the conditions in disciplinary housing. To satisfy this requirement, the plaintiff must, at the least, show that each former inmate was charged with disciplinary violations, had his or her own disciplinary hearing, and was at some point

housed in the disciplinary unit. The plaintiff is advised to try to get in touch with his witnesses to see if they will submit written statements on these points.

As for David Clarke, Jr., and any other non-incarcerated witness, if the plaintiff intends to have the witness subpoenaed, he must be prepared to tender the fees for one day's attendance and the mileage allowed by law. *See* Fed. R. Civ. P. 45(b)(1). The plaintiff is advised that the court may not either waive these fees or pay them on his behalf. *See Shaffer v. Brinegar*, 23 F. App'x 580, 584 (7th Cir. 2001).

**C.** **Plaintiff's Motion to Accept Rule 26 Disclosures**

The plaintiff has filed a motion to have the court accept his earlier-filed "Rule 26 Disclosures." ECF No. 480. Although this motion does not precisely identify the Rule 26 disclosures plaintiff is referring to, I assume that the motion is asking that he be allowed to rely on the final pretrial report he submitted when this case was assigned to Judge Randa. However, after the plaintiff filed this motion, he submitted a new final pretrial report. *See* ECF Nos. 483 & 485. Because the new final pretrial report supersedes the old one, I will deny as moot the plaintiff's motion to accept the old.

### CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion in limine regarding Rule 36 admissions is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion in limine to exclude witnesses (ECF No. 484) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to accept Rule 26 disclosures (ECF No. 480) is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2020.

s/Lynn Adelman\
LYNN ADELMAN\
United States District Judge