# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**
      **Plaintiff,**

    v.                                                            Case No. 11-C-1131

**EARNELL R. LUCAS, TRICIA CARLSON, and
MELISSA ELLIOTT,**
      **Defendants.**

## DECISION AND ORDER

On February 18, 2021, I issued an order striking from the docket a letter the plaintiff had filed asking the chief judge of this court to remove me as the judge presiding over this case and others the plaintiff has filed or may file. I explained that the chief judge does not have authority to entertain misconduct complaints involving other judges, and that, under the Judicial Conduct and Disability Act, such complaints must be directed to the court of appeals.

The plaintiff has filed a motion to reconsider my order striking his letter. The motion is frivolous, in that it lacks an arguable basis in either law or fact. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There are several frivolous assertions in the motion. First, the plaintiff contends that I lacked jurisdiction to issue the order striking the letter because, at the time I did so, a petition for writ of certiorari that the plaintiff had filed in a separate, related case was pending in the Supreme Court of the United States.[1] This contention is itself frivolous for several reasons. First, no legal authority supports the

---

[1] The separate case to which the plaintiff refers is *Tatum v. Trettin*, E.D. Wis. Case No. 19-C-1588.

notion that the pendency of an appeal in a separate, related case divests the lower court of jurisdiction over the case in which no appeal is pending. Second, the filing of a petition for a writ of certiorari does not divest a district court of jurisdiction over even the case to which the petition relates. Instead, the district court may exercise jurisdiction over the case once it receives the mandate from the court of appeals, which this court had received in the separate case.[2] *See* Fed. R. App. P. 41(d); *United States v. Sears*, 411 F.3d 1240, 1242 (9th Cir. 2005). Third, the plaintiff's representation that a petition for a writ of certiorari was pending in the related case is factually frivolous. The plaintiff cites a document showing that he attempted to file such a petition, and that the Supreme Court rejected it before I entered the order at issue. *See* ECF No. 21 in Case. No. 19-C-1588. Thus, no certiorari petition was pending at the time of my order, and the plaintiff was aware of this when he filed his motion for reconsideration. His representation that such a petition was pending was frivolous and could be deemed an attempt to defraud the court.

    The plaintiff's motion for reconsideration is also frivolous because it includes the baseless contention that the chief judge of this court has authority to remove another judge from cases filed by a specific litigant. The plaintiff baldly asserts that the chief judge has such authority, but he cites no statute, rule, or case law to support his assertion. *See* ECF No. 516 at 1. And no such statute, rule, or case law exists. To the contrary, assignment of cases is controlled by 28 U.S.C. § 137(a), which states that the business of a court shall be divided among its judges as provided by the rules and orders of the court. Under this statute, "the division of the court's business in a multi-judge district is

---

[2] The mandate appears on the docket as ECF No. 20 in E.D. Wis. Case No. 19-C-1588.

2

Case 2:11-cv-01131-LA   Filed 03/04/21   Page 2 of 5   Document 517

the responsibility of the judges and not the responsibility of the chief judge acting unilaterally." *Utah-Idaho Sugar Co. v. Ritter*, 461 F.2d 1100, 1103 (10th Cir. 1972). Although § 137(a) allows the chief judge to divide the court's business and assign cases in the absence of a controlling local rule or order, the assignment of civil cases in this district is controlled by the local rules. Such rules provide that all civil cases "must" be randomly assigned, and they contain no provision permitting the chief judge to reassign cases based on the identity of the litigant or the judge's behavior. *See* Gen. L.R. 3(a)(1) (E.D. Wis. 2010).[3] Thus, the plaintiff's assertion that the chief judge has authority to reassign this case and others in which he is a party is frivolous.

Finally, the plaintiff's motion is frivolous because it asserts that my removal from this case is warranted due to bias. The alleged acts of bias all relate to my judicial rulings and administration of the plaintiff's cases. But it is firmly established that judicial rulings and case administration are not fodder for claims of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Brody*, 762 F. App'x 326, 328–29 (7th Cir. 2019).

The plaintiff's current motion for reconsideration is not the first frivolous motion for reconsideration that he has filed in this case. In fact, he has filed twenty-one motions for reconsideration. Many of these motions were frivolous because the plaintiff sought to reargue the merits of the underlying motion rather than correct a manifest error of law or fact or achieve one of the other purposes of Rules 59(e) and 60. Although the plaintiff may believe that each motion sought to correct a manifest error of law or fact, in reality

---

[3] The local rules provide for an exception to random assignment when a new civil case is related to a pending civil case, in which case the new case is assigned to the judge presiding over the pending case. *See* Civ. L.R. 3(b).

3

Case 2:11-cv-01131-LA   Filed 03/04/21   Page 3 of 5   Document 517

most of his motions "merely took umbrage with the court's ruling and rehashed old arguments." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Thus, they were not proper motions for reconsideration.

Until now, I have tolerated the plaintiff's filing of baseless motions for reconsideration and have not considered imposing sanctions for filing frivolous papers. But I think the time has come to change course. Under Federal Rule of Civil Procedure 11, which applies to pro se litigants, *see Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990), a party may not present the court with any pleading, motion, or other paper that contains a frivolous legal contention or a factual assertion that lacks evidentiary support. By presenting his current motion for reconsideration to the court, the plaintiff has violated this rule. I thus could require him to show cause why he should not be sanctioned for filing the motion. *See* Fed. R. Civ. P. 11(c)(3).[4] But I will not take this step right now. A sanction must be sufficient to deter the offender from repeating the misconduct. Ordinarily, the first sanction considered would be a monetary penalty. However, where, as here, the party to be sanctioned is proceeding in forma pauperis, monetary sanctions have little deterrent value, and the appropriate sanction will usually be the more severe sanction of a dismissal of the case with prejudice. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015); *Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014); *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011). Here, I think it would be premature to dismiss this case with prejudice without first warning the plaintiff that his continuing to file

---

[4] I also note that, besides Rule 11, I have inherent power to impose sanctions on a pro se litigant who continually files frivolous papers. *See McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006).

frivolous papers could lead to dismissal. Thus, instead of requiring the plaintiff to show cause why he should not be sanctioned for filing his latest motion for reconsideration, I will warn him that if he files another paper with this court (whether a motion for reconsideration, a letter, or anything else) that contains legal assertions that lack adequate support or baseless factual allegations, I will at that point require him to show cause why I should not impose the sanction of dismissal with prejudice. And just to be certain that the plaintiff understands what is at stake here, I will repeat that if the plaintiff files a paper with this court that contains a legal contention that lacks an arguable basis in law, or a factual contention that lacks evidentiary support, I may (after giving him an opportunity to show cause why he should not be sanctioned) enter an order dismissing this case with prejudice.

Accordingly, **IT IS ORDERED** that the plaintiff's latest motion for reconsideration (ECF No. 516) is **DENIED**. Further, the plaintiff is warned that if he again files a paper with this court that contains a contention lacking an arguable basis in law or fact, the court may sanction him by dismissing this case with prejudice.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2021.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge