# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,
      Plaintiff,

    v.                                     Case No. 11-C-1131

EARNELL R. LUCAS, TRICIA CARLSON
and MELISSA ELLIOTT,
      Defendants.

_____

## DECISION AND ORDER

Pro se plaintiff Robert L. Tatum is proceeding to trial on claims alleging that, during his time as a pretrial detainee at the Milwaukee County Jail in 2010 and 2011, he was denied his qualified right to present witnesses at jail disciplinary hearings. The plaintiff brings claims under 42 U.S.C. § 1983 against the hearing officers who presided over the plaintiff's disciplinary hearings (Tricia Carlson and Melissa Elliott) in their personal capacities. He also brings a claim against the Milwaukee County Sheriff (currently Earnell R. Lucas) in his official capacity under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In this order, I address Tatum's motion for an order requiring the U.S. Marshals Service to serve subpoenas on two witnesses that the plaintiff plans to call at trial: former Milwaukee County Sheriff David Clarke, Jr., and Kevin Nyklewicz.[1]

_____

[1] In the same motion, the plaintiff asks that I reinstate his claims against Clarke and Nyklewicz, which, he believes, would obviate the need for subpoenas. In this respect, the plaintiff's motion is substantively a motion for reconsideration of my order dismissing such claims. (ECF No. 462.) However, this motion for reconsideration—which is the plaintiff's third on this topic (*see* ECF No. 464 at 13 and ECF No. 471 at 2)—will be denied because the plaintiff has not shown that a manifest error of law or fact occurred but merely takes umbrage with the court's past rulings and rehashes old arguments. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

The plaintiff contends that these witnesses are relevant to his claim that the Sheriff maintained an official policy under which inmates were not allowed to present witnesses at their disciplinary hearings under any circumstances. In a prior order, I agreed with the plaintiff that Clarke is a relevant witness. (ECF No. 505 at 4.) Indeed, it is difficult to see how the plaintiff could not be entitled to call the person who was the Sheriff of Milwaukee County at the relevant time in support of a claim alleging that the Sheriff maintained an official policy that was unconstitutional. If the current sheriff were willing to admit that the policy against calling witnesses existed, then this issue could be resolved as a matter of law and the former sheriff would not need to be called. But so long as the defendants insist that the policy did not exist, the former sheriff is an appropriate witness.

The defendants contend that the plaintiff has not shown that Clarke recalls any policies in place at the jail in 2010 and 2011, when the plaintiff's disciplinary hearings occurred. However, I am not aware of any requirement that a plaintiff show that the witness remembers the incident in question before that witness may be served with a subpoena. In any event, it is reasonable to think that the former sheriff would remember whether a policy against calling witnesses existed during his time as the sheriff. Finally, if the former sheriff denies remembering whether a policy exists, the plaintiff would still have a right to cross-examine him on that topic.

As for Nyklewicz, the plaintiff contends that he was the deputy inspector at the jail while he was detained there, and that Nyklewicz had knowledge of the allegedly unconstitutional policy. The plaintiff states that he complained to Nyklewicz about the jail's no-witness policy, and that Nyklewicz failed to take action in response. These facts, if true, would constitute evidence that the jail had a policy of refusing to allow inmates to

2

call witnesses at their disciplinary hearings. The defendants note that Nyklewicz has submitted declarations in which he denies being involved with Tatum's disciplinary hearings, but this does not conclusively establish that his testimony would not be relevant. The plaintiff apparently disagrees with Nyklewicz's claim of non-involvement and would at least have a right to cross-examine him on this topic. Further, in the very declarations cited by the defendants, Nyklewicz demonstrates familiarity with the jail's policies concerning disciplinary hearings. (ECF No. 166, ¶¶ 2, 40 & ECF No. 222, ¶¶ 3–7, 41–44.) Thus, his testimony appears relevant to the question of whether the jail maintained the allegedly unconstitutional policy.

Finally, the defendants contend that a witness they intend to voluntarily produce, Peter Jaskulski, is "the proper person to testify about the policies and procedures regarding disciplinary hearings at the Milwaukee County Jail in 2010-2011." (ECF No. 527 at 5.) However, the plaintiff is the master of his own claim and may choose his own witnesses. Thus, the defendants' belief that Jaskulski would be a better witness for the plaintiff than either Clarke or Nyklewicz is not a reason to deny his motion to serve subpoenas on the latter witnesses.

Accordingly, I must allow the plaintiff to serve subpoenas on Clarke and Nyklewicz. Further, because the plaintiff is indigent, I will grant his request to have the U.S. Marshals Service attempt service of the subpoenas. The plaintiff is advised that, before the Marshals Service will attempt service, he must tender the fees for one day's attendance and the mileage allowed by law, as required by Federal Rule of Civil Procedure 45(b)(1). Finally, the subpoenas attached to the plaintiff's motion are invalid because they were prepared for a trial that was supposed to occur in 2015. I will direct the Clerk of Court to

3

complete and sign a new subpoena for each witness and provide them to the Marshals Service.

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for service of subpoenas on David Clarke, Jr. and Kevin Nyklewicz is **GRANTED**. The plaintiff's alternative motion to reinstate his claims against Clarke and Nyklewicz is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall complete and sign subpoenas for Clarke and Nyklewicz substantially in the form of the subpoenas attached to the plaintiff's motion at ECF No. 524-1 and transmit such subpoenas to the U.S. Marshals Service.

Dated at Milwaukee, Wisconsin, this 14th day of December, 2021.


s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

4