UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT L. TATUM,**
    **Plaintiff,**

   v.                                                            Case No. 11-C-1131

**EARNELL R. LUCAS, TRICIA CARLSON**
**and MELISSA ELLIOTT,**
    **Defendants.**

---

### DECISION AND ORDER

Pro se plaintiff Robert L. Tatum is proceeding to trial on claims alleging that, during his time as a pretrial detainee at the Milwaukee County Jail in 2010 and 2011, he was denied his qualified right to present witnesses at jail disciplinary hearings. The trial is set to commence on January 3, 2022. In this order, I address the plaintiff's request to issue writs of habeas corpus ad testifcandum for three inmate witnesses that he wishes to call at trial. (ECF No. 521.)

The plaintiff wishes to call three inmate witnesses who, he believes, could testify about the conditions in the "4-D" unit of the Milwaukee County Jail. This is the unit in which inmates convicted of disciplinary infractions were housed. The plaintiff contends that the conditions in this unit were much harsher than the conditions in the general population. He further contends that, if he succeeds on his claim that the jail's no-witness policy was unconstitutional and shows that, but for the policy, he would not have been convicted of the disciplinary charges, then the difference in conditions will be relevant to his requests for compensatory and punitive damages.

The plaintiff identifies the three inmate witnesses as Derek Deparr, DeLorean Bryson, and Curtis Woodfaulk. None of these witnesses was listed on the plaintiff's final pretrial report, as required by Federal Rule of Civil Procedure 26(a)(3). (*See* ECF No. 485.) The plaintiff contends that his failure to list these witnesses on his pretrial report is excusable because the witnesses are taking the place of three other inmates whom he did identify and with whom he has since lost contact. Those inmates were Dwayne Thomas, Michael Collins, and Germell Lindsay. The defendants object to the late addition of Deparr, Bryson, and Woodfaulk and further contend that the witnesses would not have relevant, admissible testimony.

Whether to exclude the witnesses due to the plaintiff's failure to disclose them is controlled by Federal Rule of Civil Procedure 37(c)(1). This rule provides in relevant part that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." The Seventh Circuit has said that the sanction of exclusion is "automatic and mandatory" unless the party can show that the violation was either justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir.1996).

The plaintiff contends that his failure to identify the inmates earlier is substantially justified because, in 2015, the judge to whom this case was previously assigned told the plaintiff that his staff would contact Thomas, Lindsay, and Collins to determine whether they would be willing to testify at trial. The plaintiff is apparently referring to a minute entry for the final pretrial conference that Judge Randa held on October 20, 2015, for a trial that was set to occur on November 2, 2015. The minute entry reads: "Court states its Clerks

will contact the prisons to see if Mr. Tatum's in-custody witnesses are willing to testify and remember relevant events; if they are, the Court will issue writs for their testimony." (ECF No. 370, entry (13); *see also* ECF No. 384 at 5–6.) Judge Randa later postponed the trial and, following his death, the case was reassigned to me. No writs for incarcerated witnesses (other than the plaintiff) were issued for the 2015 trial. Further, I do not know whether Judge Randa's staff contacted the incarcerated witnesses. In any event, no contact information was provided to me when the case was reassigned.

The plaintiff contends that, because Judge Randa agreed to contact Thomas, Lindsay, and Collins, the plaintiff's failure to keep track of these witnesses over the years is excusable, and therefore he should be allowed to add three new inmate witnesses to replace Thomas, Lindsay, and Collins. However, Judge Randa's agreement to contact incarcerated witnesses was not a promise to keep track of them until the trial occurred. Once the trial was postponed, it was the plaintiff's responsibility to keep in contact with his witnesses. Further, in an order I issued in August 2020, I put the plaintiff on notice that he would need to get in touch with his witnesses. Specifically, in an order denying the defendants' motion to exclude Thomas, Lindsay, and Collins from testifying, I wrote the following:

> The three former jail inmates might be in custody somewhere, and if they are, the court will need to issue writs of habeas corpus ad testificandum to secure their attendance at trial. Because the court does not wish to waste resources producing witnesses who will not offer relevant, admissible testimony, the court will not issue writs for incarcerated witnesses unless the plaintiff shows that each witness has personal knowledge of either the alleged no-witness policy or the conditions in disciplinary housing. . . . *The plaintiff is advised to try to get in touch with his witnesses to see if they will submit written statements on these points.*

(ECF No. 505 at 5–6 (emphasis added).)

Despite being put on notice in August 2020 that he would need to contact Thomas, Lindsay, and Collins, the plaintiff waited well over a year—until November 29, 2021—to ask the court for permission to substitute different inmate witnesses. The plaintiff provides no excuse for this extended delay. Thus, I find that his failure to disclose these witnesses earlier was not substantially justified.

Moreover, I find that the plaintiff's delay is not harmless. The plaintiff seems to think that, because the new witnesses will testify on the same topics as the witnesses whom he did identify in his pretrial report, the defendants could not be prejudiced by the lack of timely disclosure. But the defendants have a right to investigate the background of each witness, determine what each witness might know about the relevant circumstances, and identify potential grounds for impeachment. The plaintiff's disclosure of his new witnesses on the eve of trial has left the defendants with very little time to perform these tasks. At the time of the disclosure, only a month remained until trial. The fact that both the Christmas and New Year's holidays fall within that month will make investigating new witnesses extremely burdensome. Thus, the plaintiff's delay was not harmless.

Accordingly, pursuant to Rule 37(c)(1), the plaintiff is precluded from calling Deparr, Bryson, and Woodfaulk as witnesses at trial. The plaintiff's request that I issue writs for these witnesses is therefore **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of December, 2021.

        s/Lynn Adelman\_\_\_\_
        LYNN ADELMAN
        United States District Judge