# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ROBERT L. TATUM,
      Plaintiff,

    v.                                      Case No. 11-C-1131

EARNELL R. LUCAS, TRICIA CARLSON
and MELISSA ELLIOTT,
      Defendants.

---

## ORDER

Plaintiff Robert L. Tatum has appealed the judgment entered in this case. This order addresses five motions that the parties have filed in the district court: (1) plaintiff's second motion for reconsideration of the denial of his request for *in forma pauperis* status on appeal and the denial of his request for a paper copy of the record on appeal; (2) plaintiff's motion to supplement his motion for reconsideration; (3) plaintiff's motion to settle and approve statements of evidence under Federal Rule of Appellate Procedure 10(c); (4) plaintiff's motion to set aside the judgment under Federal Rule of Civil Procedure 60(b); and (5) defendants' motion to file a sur-reply.

First, plaintiff's second motion for reconsideration of the denial of his request for *in forma pauperis* status on appeal is denied. Even if his request is not moot, the plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and the court of appeals has rejected the plaintiff's constitutional challenges to § 1915(g). Therefore, he is ineligible for *in forma pauperis* status.

Second, the plaintiff's motion for a paper copy of the entire record on appeal will be denied. As I explained in my last order, the record exists only in electronic form. The

district court clerk may provide the plaintiff with copies of specific records if the plaintiff requests them and pays the required fees for receiving paper copies.

Third, the plaintiff's motion to settle and approve the record will be denied. The motion asks me to settle and approve five statements of evidence. Four of the statements (numbers two through five) relate to matters that occurred at trial and would be reflected in the transcript. The plaintiff contends that the transcript is "unavailable" within the meaning of Federal Rule of Appellate Procedure 10(c). However, the transcript of the trial is available for ordering. Although the plaintiff states that he cannot afford to pay for the transcript, every federal court that has considered the question has determined that a litigant's inability to afford the transcript does not make the transcript unavailable for purposes of Rule 10(c). *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990); *Thomas v. Computax Corp.*, 631 F.2d 139, 141–43 (9th Cir. 1980); *Hill v. Porter Mem'l Hosp.*, 905 F. Supp. 567, 570 (N.D. Ind. 1995); *see also Pagan v. Warner*, 99 F.3d 1142, 1996 WL 601486, at *1 (7th Cir. 1996) (unpublished opinion stating that "indigence does not make the transcript unavailable within the meaning of Fed .R. App. P. 10(c)"). Accordingly, I will not settle and approve the statements relating to the trial.

The remaining statement relates to a telephonic pretrial conference at which a court reporter was not present. Although the plaintiff does not identify the date of the conference, he appears to be referring to a conference held on May 23, 2018. The plaintiff asks me to approve his version of settlement discussions. But I do not recall the details of a settlement discussion that occurred four years ago and therefore cannot approve the statement.

2

Finally, regarding the plaintiff's motion under Rule 60(b), I lack authority to grant the motion because the case is on appeal. The plaintiff recognizes this and asks me to consider making an indicative ruling to the court of appeals under Federal Rule of Civil Procedure 62.1. However, I will not do so and will instead deny the motion on the ground that the motion does not demonstrate that relief under Rule 60(b) is warranted.

Accordingly, **IT IS ORDERED** that the plaintiff's second motion for reconsideration of the denial of his request for *in forma pauperis* status on appeal (ECF No. 562) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration of the denial of a paper record (ECF No. 562) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement his motion for reconsideration (ECF No. 563) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to approve statements and supplement the record on appeal (ECF No. 564) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to set aside the judgment under Rule 60(b) (ECF No. 565) is **DENIED**.

**FINALLY, IT IS ORDERED** that the defendants' motion to file a sur-reply (ECF No. 572) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2022.

/s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

3